## 67788. MANNING v. THE STATE.

CARLEY, Judge.

Appellant was tried before a jury and found guilty of two counts of distributing marijuana in violation of the Georgia Controlled Substances Act. He appeals from the judgments of conviction and sentences entered on the guilty verdicts.

1. Appellant enumerates as error the general grounds. The evidence shows that the principal of a junior high school received a report that one of his students whose name was Wilkerson was in possession of marijuana at school. Three marijuana cigarettes were subsequently seized from Wilkerson's locker. Wilkerson informed the principal that he had received the marijuana from another student named Westberry. Westberry, in turn, informed the principal that appellant, who was enrolled in high school, and another student by the name of Herrin were scheduled to make a delivery of marijuana at the school the following day. School authorities met appellant and Herrin at the school bus the next morning, and Herrin was found to be in possession of eleven marijuana cigarettes. At trial, Herrin testified that appellant had given him the marijuana on the way home from school the night before, and that he had been asked to sell it for ap-

pellant. Westberry also testified that appellant had approached him on the school bus on several occasions to solicit him to sell marijuana. Westberry testified that he had done so, and had always given the money to appellant. Westberry further testified that he had obtained marijuana from appellant and sold it to Wilkerson the afternoon before Wilkerson's locker was searched by the principal of the school. We find that any rational trier of fact could reasonably have found from the evidence adduced at trial proof of the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also OCGA § 16-13-30.

2. Appellant asserts as error the denial of his motion in limine, which sought to have evidence of independent offenses excluded from evidence. "[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977).

In the present case, a witness testified that when he was an elementary school student, he purchased marijuana from appellant in order to sell it to another student. This occurred approximately six months prior to the commission of the crimes for which appellant was being tried. The witness made such purchases on approximately four occasions while riding in the back of the school bus. Thus, appellant was clearly identified as the perpetrator of the independent offenses. There was sufficient similarity between these independent crimes and the offenses charged so that proof of the former tended to prove the latter, in that they involved appellant's distribution of marijuana through a third-party student. Furthermore, at trial, appellant denied any distribution of marijuana. Evidence of the prior independent crimes was properly admitted to show identity, motive, course of conduct, and bent of mind. The trial court fully instructed the jury as to the limited purpose of the admission of this evidence. The trial court did not err in denying appellant's motion in limine. *State v. Johnson*, 246 Ga. 654 (272 SE2d 321) (1980). See generally *Bissell v. State*, 157 Ga. App. 711, 713 (7) (278 SE2d 415) (1981).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED APRIL 24, 1984.

*J. Kenneth Royal*, for appellant.
*W. Glenn Thomas, Jr., District Attorney, Jerry W. Caldwell, Assistant District Attorney*, for appellee.