77554. METHVIN v. THE STATE.
(377 SE2d 735)

BEASLEY, Judge.

Following the denial of his motion for new trial, Methvin appeals his conviction and sentence for criminal attempt to commit burglary, OCGA §§ 16-4-1; 16-7-1.

1. Appellant contends that the trial court abused its discretion in denying his motion for new trial because the evidence was insufficient to support his conviction. He argues that the State did not prove beyond a reasonable doubt the corpus delicti, specifically by failing to prove felonious intent. He further maintains that assuming the State sufficiently proved the corpus delicti, the State nevertheless failed to prove beyond a reasonable doubt his identity as a perpetrator of the offense.

The evidence when viewed in a light most favorable to the ver-

dict, *Thomas v. State*, 175 Ga. App. 873, 874 (1) (334 SE2d 903) (1985), showed the following: At approximately 1:00 or 1:15 a.m., the car dealership's security officer was making rounds, had gone behind the body shop, and was about halfway back to the gate when he heard glass break. He ran to the gate and saw two young men at the back of the double wide mobile home that was used for the security office. No one other than security had permission to be in that area of the lot or to enter the building. The building contained two computers, a file cabinet, and paperwork.

As the guard ran up to the gate, he saw one of the men "coming off" a cement block that was turned up on end and had been placed beneath one of the building's windows. The block had not been there before and had come from a nearby construction site. The outside pane of one of the double windows had been broken. Another block was lying on the ground with the broken glass.

The guard yelled for the two men to stop and they began to run. The men turned and looked back at the guard but continued to run. At this time the men were in the center of the lot which was very well lit with floodlights and regular security lights on every pole. They ran in the direction of the Huddle House and another restaurant. The guard could not catch them and called the police.

The guard, whose vision was good at the time of the incident, was able to give the police detailed descriptions of the men. Based on the guard's descriptions, a search was made near the Huddle House. One of the restaurant's employees knew Methvin because Methvin's wife worked with her and she told police that Methvin fit the description. The employee had seen Methvin three times that night. The first two times he had come into the restaurant looking for his wife. The third time was when the employee saw Methvin run across the restaurant parking lot toward a bank parking lot where Methvin's car was parked. A little while later the police came.

The employee told the police where to look for Methvin, who was staying at an apartment less than a fourth of a mile from the restaurant. An officer located Methvin at the apartment. Another man was in the apartment but the officer did not do anything with that individual at that time. Methvin agreed to go to the car dealership.

At the guard's request, the officers kept Methvin the same distance from the guard as the guard had seen the suspects. The guard positively identified Methvin.

In order to commit the offense of criminal attempt, a person must have the intent to commit a specific crime. OCGA § 16-4-1. The question of intent to commit burglary " 'is for the determination of the jury under the facts and circumstances proved.' [Cit.]" *Griffin v. State*, 148 Ga. App. 311 (1) (251 SE2d 161) (1978). " 'As a general rule the state must, of necessity, rely on circumstantial evidence in

proving intent. [Cit.]. . . .' [Cits.]" *Kinney v. State*, 155 Ga. App. 95, 96 (1) (270 SE2d 209) (1980).

The presence of valuables inside the premises, in this case computers, could support an inference of the intent to steal particularly when no other motive is apparent. *Bradshaw v. State*, 172 Ga. App. 330, 332 (2) (323 SE2d 253) (1984); *Parrish v. State*, 141 Ga. App. 631 (1) (234 SE2d 174) (1977). Furthermore, the jury was permitted to infer guilt from evidence of Methvin's flight. *Cohran v. State*, 157 Ga. App. 551, 552 (278 SE2d 133) (1981).

These circumstances in conjunction with the presence of the cement block under the broken window, the positive identification of Methvin by the guard, and the restaurant employee's sighting of Methvin in a time frame consistent with the criminal act was sufficient to enable any rational trier of fact to find Methvin guilty of criminal attempt to commit burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant further contends that the trial court abused its discretion in denying his motion for new trial because it erred in admitting evidence of his previous conviction for burglary.

" 'When one is on trial charged with the commission of a crime, proof of a distinct, independent, and separate offense is never admissible, *unless there is some logical connection between the two*, from which it can be said that proof of the one tends to establish the other.' [Cit.] 'Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]' [Cit.]" *Wright v. State*, 165 Ga. App. 790, 791 (3) (302 SE2d 706) (1983).

"The *only* separate crimes which are admissible are those that are either similar *or* logically connected to the crime for which defendant is being tried. Crimes which are not similar or which are not logically connected to the crime for which defendant is being tried should be excluded from evidence. Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980).

The burglary which the State got admitted into evidence as a similar transaction occurred approximately ten months prior to the incident on trial and in the same county. Methvin was employed at a service station and was fired. He kept a set of keys and two days after the firing, he and his brother-in-law used the keys and entered the station around 2:00 a.m. Methvin left his car parked about half a block down the street in another store's parking lot. The intent was to take some money that was kept in the back room of the station. The

two were caught in the act. Nothing was taken and Methvin admitted to the burglary.

The court found sufficient similarity between the burglary and the attempt at issue to permit evidence of it to be submitted to the jury to show scheme, bent of mind, and identity. The court so instructed the jury.

Were the acts sufficiently similar or logically connected so that proof of the former tended to prove the latter? *Manning v. State*, 170 Ga. App. 721, 722 (2) (318 SE2d 191) (1984).

Both acts involved the burglary of commercial structures for automobile-related businesses, buildings that Methvin was or should have been familiar with in that he worked in the service station and lived a quarter of a mile from the car lot. Both involved an accomplice, occurred in the early hours of the morning, with Methvin's car parked at another business' parking lot nearby. The two incidents were within ten months of each other. The only substantial dissimilarity is the forced nature of the attempt, i.e., the broken window, but forced entry was unnecessary at the service station because Methvin had keys.

The similarities rendered the evidence relevant to show identity and bent of mind and therefore did not run afoul of the prohibition of OCGA § 24-2-2. Compare special concurrence in *Bernyk v. State*, 182 Ga. App. 329, 331 (355 SE2d 753) (1987). The trial court did not err in allowing evidence of the prior burglary.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 23, 1989.

*Michael S. Webb*, for appellant.
*Thomas C. Lawler III, District Attorney*, for appellee.