A89A1292. DIXON v. THE STATE.
(386 SE2d 719)

McMurray, Presiding Judge.

Defendant Dixon appeals his conviction of the offense of unauthorized possession of a weapon by an inmate (OCGA § 42-5-63). The sole enumeration of error raises the sufficiency of the evidence. *Held*:

The State's evidence is that on September 22, 1988, defendant was an inmate at the Lee County Correctional Institution. On that date defendant informed a rehabilitation counselor that he had a weapon on his person. The rehabilitation counselor summoned a correctional officer who searched defendant and found on his person a "shank" or improvised weapon, in this instance a large (construction) nail with an ace bandage wrapped around it and tied, with what appeared to be fishing line, so as to form a handle. This incident occurred at approximately 1:00 p.m. Defendant testified that he had found the nail that morning at approximately 10:30 a.m. while doing certain assigned maintenance work involving cleaning a pump house. According to defendant, he had put the nail in his pocket where it was later found, while other debris accumulated in the cleanup of the pump house had been placed in a wheelbarrow and emptied into the trash by other inmates.

Defendant contends that he was authorized to possess the nail by his instructions to pick up and dispose of debris in the pump house, and that separation of the nail from the innocuous or harmless debris was appropriate to prevent it being diverted for use for an illegal purpose. While defendant argues that upon completion of the cleanup he went to the rehabilitation counselor to relinquish the nail, the interval of time between defendant's acquisition and relinquishment of the nail is sufficiently lengthy to authorize a jury to conclude that defendant retained possession of the nail beyond the period of any inferred authority arising from defendant's assignment to the cleanup task. In other words, the jury was authorized to find that for some brief period of time defendant retained possession of the "shank" without authorization of the proper authorities. The evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offense of unauthorized possession of a weapon by an inmate. *Jackson v. Virginia*, 443 U. S. 307, (99 SC 2781, 61 LE2d

560); *Methvin v. State*, 189 Ga. App. 906 (1), 908 (377 SE2d 735).

The defendant argues that "the evidence was close enough as to [his] innocence . . . that the Trial Court should have exercised its discretion given to it by O.C.G.A. Section 5-5-21 and granted [him] a new trial." " 'This, however, must be addressed to the trial judge . . . The law gives to [the trial judge] alone the authority to grant a new trial for such a reason. This court has no such power.' *Josey v. State*, 197 Ga. 82, 93 (28 SE2d 290) (1943)." *Wright v. State*, 173 Ga. App. 408 (326 SE2d 584).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 19, 1989.

*Mark G. Pitts*, for appellant.

*John R. Parks*, District Attorney, *Barbara A. Becraft*, Assistant District Attorney, for appellee.