## A92A0211. WELDON v. THE STATE.
(419 SE2d 59)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of selling cocaine in violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The drug transaction had been secretly taped by the undercover agent who had allegedly purchased the cocaine from appellant. Appellant objected to the admission of this tape recording into evidence, on the ground that the State had not previously made it available to him pursuant to various of his pre-trial motions. The trial court's overruling of appellant's objection to the admission of the tape recording is enumerated as error.

Citing OCGA § 24-10-26, appellant had served the State with a pre-trial notice to produce "[a]ll tapes and recordings taken in this case and any related case." The tape recording of the drug transaction was clearly not, however, discoverable pursuant to OCGA § 24-10-26. *Gilstrap v. State,* 256 Ga. 20 (2) (342 SE2d 667) (1986); *Deal v. State,* 199 Ga. App. 184, 186 (3) (404 SE2d 343) (1991).

Although appellant had filed a pretrial request pursuant to OCGA § 17-7-210, the recording was obviously not of any taped statement given by appellant while in police custody and it was not, therefore, discoverable pursuant to that provision. Likewise, the tape recording would certainly not constitute a written scientific report within the meaning of OCGA § 17-7-211 and it was not, therefore, discoverable pursuant to appellant's pretrial request pursuant to that provision.

It does not appear that appellant ever made a pre-trial motion seeking to have experts of his own choosing review any tapes which the State intended to tender into evidence at trial. *Harrison v. State,* 201 Ga. App. 577, 579 (1) (411 SE2d 738) (1991). Compare *Carpenter v. State,* 252 Ga. 79, 80 (1) (310 SE2d 912) (1984). In any event, the tape recording was not "critical" evidence. *Carpenter v. State,* supra at 81 (1); *Harrison v. State,* supra at 580 (1).

2. The credibility of the undercover agent was for the jury. The evidence adduced at trial, when construed most favorably for the State, was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Over appellant's objection, the State was allowed to introduce evidence of appellant's prior conviction for selling cocaine. Under this evidence, appellant had previously sold cocaine to an undercover agent under circumstances which were remarkably similar to those under which he allegedly sold cocaine to the undercover agent in the instant case. The admission of this evidence is enumerated as error.

"Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson*, 246 Ga. 654, 655 (1) (272 SE2d 321) (1980). The evidence of appellant's prior conviction was not erroneously admitted. *Manning v. State*, 170 Ga. App. 721, 722 (2) (318 SE2d 191) (1984).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED APRIL 30, 1992 —
RECONSIDERATION DENIED MAY 11, 1992.

*O. Dale Jenkins,* for appellant.
*Dupont K. Cheney, District Attorney, Mark S. Daniel, Assistant District Attorney,* for appellee.