A92A0010. GRANDERSON v. THE STATE.
(419 SE2d 533)

BIRDSONG, Presiding Judge.

Eugene Granderson was indicted on December 10, 1990, for the sale of cocaine to an undercover officer on September 26, 1989. He appeals, contending the evidence was insufficient to convict under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Held:*

Detective Voltner testified that on September 26, 1989, he and Detective Jenkins had a conversation with a confidential informant and 15-20 minutes later accompanied the informant to a parking lot on Buford Highway in Gwinnett County. A car drove up and the informant stated, "That is Gene's car." According to Voltner, the informant knew "Gene" and had arranged to buy three pieces of cocaine for $20 each. The informant did not testify at trial. Voltner testified he wrote down "Gene's" tag number, CZY463, and that the car was a Chevrolet Celebrity. When Gene drove up, the informant called him to the unmarked police vehicle; Gene came to Voltner's window and leaned over a little; he made small talk and then handed Voltner a plastic bag containing three pieces of what looked to be crack cocaine; Voltner handed him $60 of county funds. Voltner and Jenkins then returned to the police station. The substance ultimately tested positive for cocaine.

On February 5, 1990, Voltner made out an affidavit for an arrest

warrant. In this affidavit he stated that on September 16, 1989, between 6:00-8:00 p.m., Eugene Granderson sold a quantity of cocaine to an undercover officer in exchange for county funds. Appellant turned himself in upon the issuance of this arrest warrant.

At trial Voltner testified he ran a computer check on the license tag CZY463 and the report came back that such tag number was registered to Eugene Granderson. The State produced no other evidence that appellant ever owned or registered such a vehicle. Appellant's wife testified she and her husband had never owned a Chevrolet Celebrity but that they did have a Chevrolet Nova, tag number DDW295. The defense produced a certified tag registration "tax receipt" copy, with a statement signed by the Gwinnett tag supervisor, stating: "This is a certified copy of the 1988 registration in the name of Eugene Granderson." The document shows Granderson registered a 1976 Chevrolet Nova in 1988. The defense introduced another tag registration "original" document which indicates Eugene Granderson was to register a 1976 Chevrolet Nova, tag number DDW295, but which does not indicate whether he in fact registered this vehicle in 1989.

At some point Voltner obtained a photo of Eugene Granderson and from that photo Voltner identified Granderson as the drug seller. At trial Voltner testified that appellant was the "Gene" who had sold him the cocaine in September 1989. Jenkins also identified appellant as the drug seller. *Held:*

On appeal, we do not weigh the evidence, nor do we assess the quality of the evidence or the credibility of witnesses; these are jury functions and when the jury has rendered its verdict, we look only to determine whether the evidence is sufficient to sustain the verdict, construed in the light most favorable to the jury's verdict and giving that verdict every presumption and every inference towards upholding its validity. *Rigenstrup v. State,* 197 Ga. App. 176, 181 (398 SE2d 25); *Aikens v. State,* 194 Ga. App. 195, 196 (390 SE2d 102).

We find the evidence of Jenkins to be sufficient to persuade the rational trier of fact of appellant's guilt beyond a reasonable doubt, under the standard of *Jackson v. Virginia,* supra.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 4, 1992.

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer,* for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney,* for appellee.