A92A2325. RUSSELL v. THE STATE.
(427 SE2d 106)

BLACKBURN, Judge.

The defendant, Kelvin Russell, a.k.a. Calvin Davis, was convicted by a jury of four counts of selling cocaine in violation of the Georgia Controlled Substances Act. On appeal, the defendant contends that the evidence was insufficient to support his conviction.

At trial, Agent Woodruff testified that he was asked by the Brooks County Sheriff's Department to conduct an undercover narcotics investigation within the county. He met the defendant at an apartment complex through a confidential informant on February 7, 1991. Agent Woodruff further testified that on that date he asked the defendant if he knew of anyone selling drugs. The defendant replied that he did and Agent Woodruff followed him to an apartment complex where several unidentified young men were standing. According to Agent Woodruff, the defendant asked one of the men if he had a "fifty" and the young man handed a plastic zip-lock bag of "crack" cocaine to the defendant. The defendant in turn handed the plastic bag to Agent Woodruff. Agent Woodruff subsequently handed the defendant $50 of official state funds.

On February 21, 1991, Agent Woodruff saw the defendant on the corner of Culpepper and Screven Streets and asked him if he had a "forty." The defendant replied that he had to go and get it. After Agent Woodruff circled the block at the suggestion of the defendant, the defendant was unable to find any drugs. Agent Woodruff testified that defendant later directed and accompanied him to two apartment complexes in search of the cocaine. At the second complex, the defendant obtained the "crack" cocaine and handed it to Agent Woodruff. Agent Woodruff gave the defendant $40 in state funds and the defendant took the money to the individual from whom he had received the drugs.

Agent Woodruff later saw the defendant on February 25, 1991, and testified that he asked the defendant if he had $60 in "crack" cocaine. The defendant sat in the back seat of Agent Woodruff's vehicle and pulled out a small matchbox containing several pieces of crack cocaine, handing them to Agent Woodruff as they rode to an apartment complex. Agent Woodruff again handed the defendant the appropriate amount of money in state funds.

Agent Woodruff further testified that he saw the defendant on March 20, 1991 on Screven Street in front of Taylor's Clothing Store in Brooks County. Although Agent Woodruff had earlier discussed a

drug sale with another individual known to Agent Woodruff through a previous investigation, the defendant appeared with this individual on this date and was present during this transaction. This individual handed Agent Woodruff ten pieces of "crack" cocaine packed in blue tissue paper and Agent Woodruff subsequently handed the defendant $125 in official state funds at the suggestion of the defendant. All of the items were marked contemporaneously with each transaction and were taken to the crime lab for identification.

In the defendant's sole enumeration of error, he contends that the evidence produced at trial was insufficient to support his conviction.

On appeal of a criminal conviction, the standard of review is whether, " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Cit.]" *Adams v. State*, 255 Ga. 356, 357 (338 SE2d 860) (1986). In this appeal of Counts 1, 2, and 4, the evidence is in conflict as to whether the appellant sold cocaine to Agent Woodruff. Agent Woodruff testified that he gave money to the defendant for the purpose of obtaining cocaine. The defendant denied selling any drugs to Agent Woodruff but admitted that he sold cocaine to the informant and acknowledged receiving money from Agent Woodruff on March 20, 1991. He further admitted that he signed a statement indicating that he sold and participated in the sale of cocaine to Agent Woodruff. "The question of witness credibility . . . is for the jury. [Cit.] . . . [T]his court determines the sufficiency of the evidence, but does not weigh the evidence or determine witness credibility. [Cit.]" *Daniel v. State*, 200 Ga. App. 79, 80 (1) (406 SE2d 806) (1991). The jury resolved the conflict in the evidence against the defendant and this court may not substitute its judgment for that of the jury. We have reviewed the evidence in the light most favorable to the prosecution and conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 19, 1993.

James F. Council, Jr., for appellant.

H. Lamar Cole, District Attorney, Mark E. Mitchell, Assistant District Attorney, for appellee.