A93A1284. CANTRELL v. THE STATE.
(435 SE2d 737)

BLACKBURN, Judge.

In a two-count indictment, the appellant, John Alexander Cantrell, was charged with selling cocaine on October 10, 1991, and on October 11, 1991, respectively, in violation of the Georgia Controlled Substances Act. Following a trial by jury, he was acquitted on Count 1 of the indictment, convicted on Count 2, and sentenced to life in prison. This appeal follows the trial court's denial of his motion for a new trial.

At trial, the state presented the testimony of a deputy sheriff who accompanied a known informant to the location where the cocaine sale was made on October 11, 1991. The informant had previously assisted undercover officers in the investigation of cocaine sales.

The deputy and the informant proceeded to the Tote-A-Poke in the informant's automobile, and Cantrell was seen pulling into the parking lot of the store. The deputy had seen Cantrell several times before and knew him by name. After the informant was given $40 by the deputy, he exited the automobile and began talking to Cantrell. The deputy saw the hands of the two men meet and observed the exchange of money between the two men. He also saw Cantrell provide the informant with what later proved to be crack cocaine. Thereafter, the informant returned to the automobile where the deputy had been sitting, and gave the deputy the cocaine. The two left the store and returned to the designated area where the cocaine was given to an investigating officer. The investigating officer had followed the deputy and the informant to the Tote-A-Poke and had observed the transaction from across the street. With the aid of binoculars, he also saw the hands of Cantrell and the informant meet, and saw Cantrell thereafter return to his car where he stayed for 15 seconds before exiting same at which time the hands of the two men again came together. The informant denied that Cantrell was involved in the sale of contraband on that date and maintained that he purchased the contraband from a passenger in Cantrell's automobile. Cantrell testified and denied selling the crack cocaine to the informant, but he did admit that he had pled guilty to possession of cocaine with the intent to distribute in 1989.

1. In his first enumeration of error, Cantrell contends that the evidence produced at trial was insufficient to warrant his conviction for the sale of cocaine on October 11, 1991. We conclude otherwise. Although the evidence in this case is conflicting, the jury considered the diametrically-opposed testimony of Cantrell and the known informant versus the testimony of the investigating officer and the deputy sheriff, weighed the credibility of these witnesses, and resolved the conflict in the testimonial evidence against Cantrell. "[T]his court may not substitute its judgment for that of the jury." *Russell v. State*, 207 Ga. App. 136, 137 (427 SE2d 106) (1993). "On appeal, we do not weigh the evidence, nor do we assess the quality of the evidence or the credibility of witnesses . . . we look only to determine whether the evidence is sufficient to sustain the verdict, construed in the light most favorable to the jury's verdict and giving that verdict every presumption and every inference towards upholding its validity. [Cits.]" *Granderson v. State*, 204 Ga. App. 451, 452 (419 SE2d 533) (1992). "The credibility of the undercover [officers] was for the jury." *Weldon v. State*, 204 Ga. App. 221 (2) (419 SE2d 59) (1992). Reviewing the decidedly conflicting evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of selling cocaine in violation of the Georgia Controlled Substances Act. *Jackson*

*v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Gooden v. State,* 204 Ga. App. 62, 64 (4) (418 SE2d 632) (1992).

2. Next, Cantrell argues that the trial court erred in its admission of his previous conviction because there was no evidence presented establishing the similarity or connection between the independent offense and the crime for which he was on trial. We disagree.

Generally, on a prosecution for a particular crime, evidence of independent offenses committed by an accused is irrelevant and inadmissible. *Stephens v. State,* 261 Ga. 467 (405 SE2d 483) (1991). "Before any evidence of an independent offense may be introduced, the state must show 1) that the evidence is relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character; 2) that there is sufficient evidence to establish that the accused committed the independent offense or act; and 3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." (Citations and punctuation omitted.) *Wooten v. State,* 262 Ga. 876, 880-881 (4) (426 SE2d 852) (1993). See also *Williams v. State,* 261 Ga. 640, 642 (409 SE2d 649) (1991); *Stephens v. State,* 261 Ga. at 469. "There is *no* requirement that, to come within the other transaction exception, the other transaction must be *identical* in every respect. The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character." (Citations and punctuation omitted.) *Collins v. State,* 205 Ga. App. 341, 343 (2) (422 SE2d 56) (1992). See also *Blige v. State,* 205 Ga. App. 133 (2) (421 SE2d 547) (1992). However, "[i]t should also be emphasized that before such evidence is admissible, it must be shown that the evidence's relevancy to the issues at trial outweighs the inherent prejudice it creates. [Cit.]" *Randall v. State,* 207 Ga. App. 637, 638 (428 SE2d 616) (1993).

In the case sub judice, both offenses involved a violation of the Georgia Controlled Substances Act and the sale or intent to sell cocaine. Accordingly, the offenses were substantially similar to justify admission as "[i]t is the factual similarity of the defendant's possession of drugs on different occasions which renders it admissible to show his identity. . . ." (Citations and punctuation omitted.) *Collins,* supra at 343. "On the question of similarity, the trial court's findings will not be disturbed unless 'clearly erroneous.' [Cits.]" *Mitchell v. State,* 206 Ga. App. 672, 673 (426 SE2d 171) (1992). Further, the similar transaction evidence was being introduced to show motive, intent, and knowledge, purposes deemed appropriate and exceptions to the

general rule of inadmissibility. *Williams*, supra at 642. The trial court did not apply the balancing test in determining the admissibility of the similar transaction evidence as it should have done. However, this issue was not raised by Cantrell at the trial level or on appeal, and has therefore been waived by defendant. In view of Cantrell's testimony and the informant's denial of Cantrell's involvement in the cocaine sale, it is clear in this case that the relevancy of this extraneous evidence outweighed that prejudice as this evidence was needed by the state to establish bent of mind, intent and motive. See *Payne v. State*, 207 Ga. App. 312, 315 (428 SE2d 103) (1993).

While Cantrell maintains that no evidence was offered to the jury regarding the facts of the possession with the intent to distribute charge, in his voluntary statement of August 15, 1989, which was read into evidence, Cantrell recounted his actions and the actions of his accomplice prior to his arrest. He further admitted therein that they sold all of the crack cocaine that they had except for the cocaine that was found on them at the time of their arrest. Unlike in *Stephens*, supra, and *Williams*, supra, the state did more than present a certified copy of Cantrell's prior conviction as evidence of a prior similar transaction. Inasmuch as the state has met the three-prong test enunciated by our Supreme Court in *Williams*, supra, and the prejudicial impact of this evidence was outweighed by its relevancy to the issues and such issue was not raised by defendant in the current trial, we conclude that the trial court's admission of this evidence was not erroneous.

3. In his final enumeration of error, Cantrell maintains that the trial court erred in admitting evidence of his previous conviction without requiring the state to prove that the plea taken therein was voluntarily given. We disagree as this court rejected a similar argument asserted by the defendant in *McCann v. State*, 203 Ga. App. 880, 881-882 (2) (418 SE2d 144) (1992).

In *McCann*, the defendant moved the court in limine to exclude two prior rape convictions on the grounds that they were obtained through guilty pleas based upon false pretenses and an ineffective counsel, relying on *Pope v. State*, 256 Ga. 195 (17) (345 SE2d 831) (1986) and *Gadson v. State*, 197 Ga. App. 315 (398 SE2d 409) (1990). In *Pope*, our Supreme Court noted that a plea of guilty is invalid and may not be used to enhance punishment in a subsequent trial unless the state meets its burden in showing that the defendant voluntarily and intelligently waived his rights with respect to the prior guilty plea once the issue is raised by the defendant. In *Gadson*, relying on *Pope*, we found that the trial court erred in admitting the defendant's prior guilty plea offenses based upon the state's failure to meet its burden in showing the voluntary nature of the pleas. However, in *McCann*, we stated that "[t]he holdings of *Pope* and *Gadson* specifically apply

to the State's introduction of a prior guilty plea during the sentencing portion of a criminal prosecution, and we will not extend the holdings in the manner suggested by defendant." *McCann*, supra at 882. We find that the trial court did not err in admitting Cantrell's prior guilty plea conviction.

However, in reference to the sentencing phase of the trial, once the issue of a prior non-voluntary guilty plea has been raised by the defendant, the state must present proof that the plea was made intelligently and voluntarily by the defendant. Id. In the case sub judice, although Cantrell objected to the voluntary nature of the prior guilty plea during sentencing, he admitted under oath at trial that he voluntarily pled guilty to the 1989 offense of possession of cocaine with the intent to distribute. As we noted under *McCann*, the "[d]efendant's admission waived any right he may have had to contest the validity of his prior guilty plea." Id. at 882. Although Cantrell challenges the trial court's judicial notice of his plea and the record in the prior case, he did not object to the trial court's actions below and did not raise this alleged error in his enumerations of error. As this court has repeatedly held, " '(o)n appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration. (Cit.)' [Cit.]" *Kennedy v. State*, 205 Ga. App. 152, 154 (2) (421 SE2d 560) (1992). See also *Bridges v. State*, 205 Ga. App. 664, 665 (423 SE2d 293) (1992). Consequently, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 10, 1993.

*David L. Whitman*, for appellant.
*Daniel J. Porter, District Attorney, Brian K. Wilcox, Assistant District Attorney*, for appellee.