## A94A0249. PLATT v. THE STATE.
(440 SE2d 495)

BLACKBURN, Judge.

The appellant, Jerry Platt, was charged with the sale of cocaine in violation of the Georgia Controlled Substances Act. Following a trial by jury, he was convicted of the offense and sentenced to life imprisonment.[1] Platt subsequently filed a motion for new trial, and the motion was denied by the trial court. This appeal followed. In his sole enumeration of error, Platt asserts that the evidence produced at trial was insufficient to warrant a conviction and insufficient to disprove his alibi defense beyond a reasonable doubt.

The evidence viewed in the light most favorable to the jury's verdict shows that at approximately 2:30 p.m. on April 16, 1991, during an undercover narcotics investigation, Special Agent Boyd of the Georgia Bureau of Investigation and a confidential informant were signaled by Platt to stop the vehicle that had been driven by Boyd. Platt approached the vehicle and asked the informant if he needed "anything," referring to crack cocaine. When the agent asked Platt if he had anything, Platt responded that he did, but he did not want to make a deal at that location. The agent asked Platt to enter the vehicle, and the three traveled to another location within the county. Thereafter, while standing near an abandoned house, Platt displayed approximately 45 pieces of crack cocaine in his hand, and asked the agent what he wanted to buy. The agent indicated that he wanted $100 worth of cocaine and he was instructed by Platt to choose the pieces that he wanted. The agent selected two of the larger pieces of crack cocaine, handed Platt $100 in State funds, and left the scene. The substance was subsequently identified by a forensic chemist with the State's crime laboratory as crack cocaine.

---

[1] The trial court indicated that Platt's life sentence would run concurrent with any sentence that he was serving for prior offenses that he had committed.

Platt maintained at trial, and in a statement made to the agent on April 8, 1992, that he did not sell any cocaine to the agent on the day in question. During his testimony, he stated that he was not in the county on April 16, 1991, and had been living with an uncle in Screven County. He specifically recalled being in Screven County on April 16, 1991, because he assisted in the preparation of the food for a barbecue held for his niece on that date. However, he admitted that he did not remember the name of his niece. He further testified on direct that he was convicted of two prior sales of cocaine, possession of cocaine, possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon in 1987, although he denied committing all of the offenses.[2]

To rebut Platt's alibi defense, the State presented the testimony of another agent who had been working with Boyd during the undercover investigation. The agent was familiar with Platt and saw him approach the vehicle and subsequently enter the vehicle on April 16, 1991.

On appeal of a criminal conviction, the "appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Williams v. State*, 208 Ga. App. 12, 14 (430 SE2d 157) (1993). The jury is the arbiter of all conflicts in the evidence, and "[h]aving resolved such issues against the defendant, if there is evidence to support the verdict, the trial court does not err in rendering final judgment on the verdict. [Cit.]" *Turner v. State*, 210 Ga. App. 328, 329 (1) (436 SE2d 66) (1993). In the case sub judice, although Platt maintains that he was not present at the scene at the time of the cocaine sale, the jury, as it was authorized to do, chose to believe the State's witnesses rather than Platt on his alibi defense. See *English v. State*, 205 Ga. App. 599 (2) (422 SE2d 924) (1992). "The agent[s] positively identified [Platt] as the perpetrator of the crime charged." *Turner*, supra at 329. Viewing the evidence in the light most favorable to the jury's verdict, we must conclude that the evidence produced at trial was sufficient to authorize a rational trier of fact to find Platt guilty of the sale of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stevens v. State*, 210 Ga. App. 355 (1) (436 SE2d 82) (1993); *Russell v. State*, 207 Ga. App. 136 (427 SE2d 106) (1993); *Adams v.*

---

[2] On the day of trial, the State provided Platt with notice that it intended to introduce evidence of these prior convictions during the sentencing phase of the trial. The defendant objected to the introduction of this evidence before the jury during the trial of the case based upon its irrelevancy to the issues for the jury's determination, and over this objection, the trial court admitted this evidence to show Platt's state of mind at the time of the April 16, 1991, transaction. Platt does not challenge the admission of this evidence during the sentencing portion of the trial.

*State*, 207 Ga. App. 119 (427 SE2d 90) (1993).
  *Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 25, 1994.

*Joel E. Williams, Jr.,* for appellant.
  *Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr.,*
*Assistant District Attorney,* for appellee.