## A94A0186. KIRKLAND v. THE STATE.
(440 SE2d 542)

BLACKBURN, Judge.

The appellant, Edward Kirkland, was convicted by a jury of child molestation and sentenced to 20 years in prison to serve 15 years. On appeal, he contends that the trial court erred in failing to direct a verdict of acquittal based upon the insufficiency of the evidence to support a conviction, and erred in admitting evidence of prior similar transactions. We affirm.

At trial, the victim testified that she initially met Kirkland while attending a church where Kirkland served as a deacon. Kirkland often drove the church's van and would transport the victim and other members to the church. Since the victim was nine years old, her parents allowed her to work on Kirkland's farm and pick okra along with other children during the summer months. In June or early July 1987,[1] prior to her fourteenth birthday, the victim was working on

---

[1] Kirkland was initially indicted for the offense on August 17, 1990, and the indictment was nolle prossed. Kirkland was re-indicted on September 17, 1991. Kirkland filed a plea in

Kirkland's farm when Kirkland held her hands above her head, fondled her body, and had sexual intercourse with her in his daughter's bedroom. He warned her that if she told anyone of the incident, she would not be believed because of his position in the church.

The victim further testified about another incident which occurred within the same time period while Kirkland was transporting her home after she had picked okra on his farm. She had been initially riding in the rear of the truck when Kirkland stopped the truck and asked her to join him in the passenger compartment. Kirkland subsequently asked the victim if he could hold her arms to see a rash that had developed on her arms as a result of her picking okra. As he held her arm, he touched the side of her breast.

An anonymous telephone call was received by the Department of Family & Children Services concerning allegations of sexual abuse of the victim and the sheriff's department was notified of the allegations. The next day, a meeting was held in the office of the school's guidance counselor, and, during the meeting, the victim reluctantly informed the guidance counselor, an investigator with the sheriff's department, and a representative of the Department of Family & Children Services, all of whom testified at trial, of the acts of molestation committed against her by Kirkland.[2]

Kirkland testified at trial, and denied molesting the victim. He maintained that the victim was testifying falsely against him in retaliation for his failure to transport the victim and her brother home from church, and his reprimand of the victim for her conduct on the church bus and at church. Kirkland presented the testimony of his wife, daughter, and several character witnesses in support of his defense.

1. Initially, Kirkland maintains that the evidence produced at trial was insufficient to warrant a conviction because the State failed to prove beyond a reasonable doubt that he committed any acts of molestation against the victim during the applicable time period. Specifically, he argues that the victim's testimony concerning the incident which occurred inside his truck only raises a speculation of guilt which is insufficient to support a conviction. We disagree.

---

bar and moved for the dismissal of the second indictment based upon the expiration of the four-year statute of limitation contained in OCGA § 17-3-1. Although the statute was amended in 1987 to provide for a seven-year period of limitation for felonies committed against children under the age of fourteen, the amendment only applies to offenses committed after July 1, 1987. *Martin v. State*, 196 Ga. App. 145 (1) (395 SE2d 391) (1990). The court denied the motion to dismiss the second indictment, implying that the initial indictment was valid. Consequently, the court specifically limited the introduction of evidence of molestation to incidents which occurred between August 17, 1986, and July 8, 1987, the date of the victim's fourteenth birthday.

[2] Although Kirkland objected at trial to the admission of the testimony of these witnesses, he does not challenge the admission of this testimony in this appeal.

The evidence produced at trial showed that Kirkland fondled the victim's body and forcibly engaged in sexual intercourse with her between June and early July 1987, prior to her fourteenth birthday. Contrary to Kirkland's contentions, this evidence provided more than a mere speculation of his guilt, and in fact, provided direct evidence of his molestation of the victim in violation of OCGA § 16-6-4 as charged in the indictment. Viewing the evidence in the light most favorable to the jury's verdict, we must conclude that there was ample evidence from which a rational trier of fact could find Kirkland guilty of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Burke v. State*, 208 Ga. App. 446 (2) (430 SE2d 816) (1993).

We reject Kirkland's assertion that a directed verdict of acquittal was warranted. "A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or 'not guilty.' When a conviction is upheld on appeal because the evidence is such that a rational trier of fact could find the appellant's guilt beyond a reasonable doubt, according to the standard in *Jackson v. Virginia*, [supra], it cannot possibly be said the evidence *demanded* a verdict of acquittal." (Citations and punctuation omitted.) *Clark v. State*, 207 Ga. App. 50, 51 (1) (427 SE2d 43) (1993). The evidence produced at trial in this case was in sharp conflict, and accordingly, a "not guilty" verdict was not demanded.

2. Next, Kirkland maintains that the trial court erred in admitting the evidence of prior occurrences of molestation committed by him against three individuals who also worked for him during their childhood years. Kirkland argues that the prior occurrences were too remote and not sufficiently similar to warrant admission.

"Generally, on a prosecution for a particular crime, evidence of independent offenses committed by an accused is irrelevant and inadmissible. Before any evidence of an independent offense may be introduced, the state must show 1) that the evidence is relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character; 2) that there is sufficient evidence to establish that the accused committed the independent offense or act; and 3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." (Citations and punctuation omitted.) *Cantrell v. State*, 210 Ga. App. 218, 220 (435 SE2d 737) (1993). See also *Williams v. State*, 261 Ga. 640 (2) (409 SE2d 649) (1991). Moreover, the evidence is not admissible unless its relevancy outweighs any prejudices that it creates. *Brunson v. State*, 207 Ga. App. 523 (428 SE2d 428) (1993).

At the pre-trial hearing to determine the admissibility of the evidence of the prior occurrences, three witnesses testified about acts of molestation committed by Kirkland against them while they worked on his farm. The initial witness testified that she was approximately eleven or twelve years old when Kirkland fondled her breasts and placed his penis between her legs while the two were in a pond located on his farm. The second witness testified that she was fondled all over her body by Kirkland as she sat on a bed after he escorted her to a bathroom at the farm. At trial, she testified about another incident in which Kirkland had fondled her on the church's bus, but she was unable to recall the specific details of this incident on the day of the hearing. The last witness was approximately ten or eleven when he placed his hand in her shirt and down her pants and fondled her while the two were walking down to the okra patch on the farm. She was warned that she would not be believed if she informed anyone of the incident. All of the witnesses attended the same church as Kirkland and two of the witnesses are cousins of the victim herein. The evidence was submitted by the State to show identity, motive, plan, scheme, bent of mind and course of conduct, purposes deemed appropriate in *Williams*, surpa.

Although Kirkland maintains that the prior offenses are not sufficiently similar to the offense committed in the case at bar, we conclude otherwise. On the contrary, the evidence showed that Kirkland sexually abused young members of his church under the age of 14 while they were entrusted in his care and under his supervision at his farm. In fact, he warned one of the witnesses and the victim herein that if they disclosed the incidents, they would not be believed because of his respected position in the church. Moreover, as this court has repeatedly held, "[i]n a child molestation case, the sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible." (Citations and punctuation omitted.) *Self v. State*, 208 Ga. App. 447, 448 (1) (431 SE2d 126) (1993).

We likewise reject Kirkland's assertion that the prior incidents were inadmissible because the acts were too remote in time from the present offense. The ten-year lapse of time between the earliest prior occurrence and the offense charged does not warrant the exclusion of the occurrence as a matter of law. As the Supreme Court held in *Gilstrap v. State*, 261 Ga. 798 (1) (410 SE2d 423) (1991), "lapses of time of 11 years and of 19 years have not demanded that the evidence was inadmissible." (Citations omitted.) Moreover, " '(t)he lapse of time between the prior occurrences and the offenses charged goes to weight and credibility of such testimony, not its admissibility.' [Cit.]" *Braddock v. State*, 208 Ga. App. 843, 844 (2) (432 SE2d 264) (1993). "Rather, lapse of time is a factor to be taken into consideration when

balancing the probative value of the evidence against its potentially prejudicial impact." (Citations and punctuation omitted.) *Childs v. State*, 202 Ga. App. 488, 489 (1) (414 SE2d 714) (1992).

The trial court, after weighing the relevancy of the evidence against any possible prejudicial effect of its admission, specifically found in its February 24, 1992, order that the State had met the three-prong test governing the admissibility of this evidence. Considering the evidence produced by the State showed that Kirkland committed the sufficiently similar acts of molestation against young female victims, and the evidence was admitted for purposes deemed appropriate under *Williams*, surpa, we must conclude that the trial court's admission of this evidence was not erroneous. See *Cantrell*, supra.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 2, 1994.

*Billy M. Grantham*, for appellant.
*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney*, for appellee.