A94A1970. BUCHANAN v. THE STATE.
(449 SE2d 660)

BLACKBURN, Judge.

The appellant, James Buchanan, appeals his conviction by a jury of a violation of the Georgia Controlled Substances Act.

The evidence viewed in the light most favorable to the verdict shows that on September 23, 1993, Ernest Bonapart, a narcotics agent, drove his undercover vehicle in an area of Clayton County known for its high distribution of crack cocaine. Buchanan was standing alone on the street and waved at the agent. The agent turned his vehicle around and returned to the location where Buchanan was standing. Buchanan walked up to the agent's vehicle and the agent asked him if he had two $20 bags of crack cocaine. After a short con-

versation between the two, Buchanan kneeled down on the side of the agent's vehicle and picked up two ziplock bags, each containing a small piece of crack cocaine. Buchanan subsequently dropped the bags on the floor of the vehicle. Agent Bonapart gave Buchanan two $20 bills from the county's funds, and Buchanan quickly walked away.

The agent informed the other officers by radio that the sale was completed and provided the officers with a description of Buchanan. Approximately six minutes later, Buchanan was apprehended in the area and arrested. Thereafter, he was taken to Agent Bonapart who identified him as the person who sold him the contraband. Buchanan was also identified at trial by Agent Bonapart and another officer involved in the investigation.

Buchanan's version of the events conflicted with the testimony provided by the State's witnesses. Buchanan testified that Agent Bonapart waved at him and asked him to come over to the vehicle. When the agent asked him for crack cocaine, Buchanan told the agent that he did not have any, but indicated that the agent could probably find some cocaine if he checked around in the area. Buchanan further stated that he did not have any contraband because he did not "mess with it." As he walked away from the agent and proceeded in the direction of the store, he was suddenly apprehended and arrested. At the time of the arrest, he did not have any of the county's money or any contraband on his person. Over objection, the trial court admitted a certified copy of Buchanan's 1989 conviction for possession of cocaine for the limited purpose of impeaching his testimony that he did not "mess" with cocaine.

1. In three separate enumerations, Buchanan asserts that the evidence produced at trial is insufficient to support his conviction. We disagree. Viewing the evidence under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), there was ample evidence from which a rational trier of fact could determine Buchanan's guilt beyond a reasonable doubt of the offense charged. Although Buchanan denied selling cocaine to the agent, the jury was authorized to reject Buchanan's testimony in light of the narcotics agent's testimony that Buchanan sold him the contraband. "On appeal of a criminal conviction, the appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citations and punctuation omitted.) *Platt v. State*, 211 Ga. App. 721, 722 (440 SE2d 495) (1994). The jury resolves all conflicts in the evidence produced at trial. Id.

We reject Buchanan's assertion that a directed verdict of acquittal was warranted in light of the sharp conflict in the evidence produced at trial. "A directed verdict of acquittal in a criminal case is

authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or not guilty. When a conviction is upheld on appeal because the evidence is such that a rational trier of fact could find the appellant's guilt beyond a reasonable doubt, according to the standard in *Jackson v. Virginia,* supra, it cannot possibly be said the evidence *demanded* a verdict of acquittal." (Citation and punctuation omitted.) *Kirkland v. State,* 211 Ga. App. 805, 807 (1) (440 SE2d 542) (1994).

2. Next, Buchanan asserts that the trial court erred in admitting the certified copy of his prior conviction for impeachment purposes.

Under *Bland v. State,* 198 Ga. App. 671, 672 (402 SE2d 782) (1991), Buchanan's statement that he did not mess with cocaine could be construed as a denial that he had ever been involved in any cocaine-related offenses "so as to render admissible for purposes of impeachment (by disproving the facts testified to by defendant) evidence that he had previously been convicted of possession of cocaine." Consequently, the trial court did not err in admitting this prior conviction. See *Mitchell v. State,* 158 Ga. App. 628 (2) (281 SE2d 260) (1981).

3. Lastly, Buchanan maintains that the trial court erred in granting the prosecutor's oral reverse *Batson* challenge and disallowing his exercise of peremptory strikes to exclude two white jurors from the venire. Buchanan complains that he was forced to accept those jurors, and therefore, was denied the right to be tried by a fair and impartial jury.

The appellate record does not include a transcript of the voir dire and it is not clear as to whether voir dire was recorded. However, the appellate record does show that Buchanan exercised nine peremptory strikes and all of these strikes were exercised against white jurors. The final composition of the trial jury was five whites, five African-Americans, and two others.

Under the United States Constitution, a criminal defendant is prohibited from engaging in purposeful discrimination on the basis of race in the exercise of peremptory challenges. *Georgia v. McCollum,* 505 U. S. _____ (112 SC 2348, 120 LE2d 33) (1992). Buchanan's overwhelming use of peremptory strikes to exclude white jurors demonstrates that race was a factor in the jury selection process and establishes a prima facie showing of discrimination as the trial court found. Although Buchanan maintains that the prosecution did not make the requisite showing of racial discrimination, this issue is moot because Buchanan purportedly offered race-neutral reasons for the exercise of the strikes which the trial court considered and rejected. See *Lewis v. State,* 262 Ga. 679 (2) (424 SE2d 626) (1993). Thus, our inquiry must focus on whether Buchanan's explanations for the exercise of the pe-

remptory strikes were sufficiently race-neutral, case-related, clear and reasonably specific. See *Berry v. State*, 263 Ga. 493 (435 SE2d 433) (1993). "In so doing, we must give the trial court's factual findings great deference. We may only disregard those findings if they are clearly erroneous." (Citations and punctuation omitted.) *Lingo v. State*, 263 Ga. 664, 666 (1b) (437 SE2d 463) (1993).

Buchanan's attorney stated that he exercised peremptory strikes against the challenged white jurors because they were equivocal when asked during general voir dire whether they would give more credibility to the testimony of a police officer than to that of other witnesses, and whether they could stand by their opinions, even if they were in the minority. The trial court, however, rejected this explanation and found that none of the jurors on the venire hesitated or answered equivocally in responding to those questions. The court further noted that the defense failed to ask any follow-up questions concerning any juror's perceived hesitation or reluctance. The court also rejected Buchanan's explanation that he also struck one of the jurors because she worked in a bank's account security department. The court found that this juror had not worked in the bank's security department, and noted that the defense had accepted a black juror who also worked in a bank.

We cannot say that the trial court's findings on the explanations given were clearly erroneous especially in the absence of a transcript of the voir dire. Id. "The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed." (Citation and punctuation omitted.) *Hayes v. State*, 211 Ga. App. 801, 803 (1) (440 SE2d 539) (1994).

*Judgment affirmed. Birdsong, P. J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED OCTOBER 27, 1994 —
RECONSIDERATION DENIED NOVEMBER 7, 1994.

*Joseph M. Todd,* for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney,* for appellee.