## A99A2400. SIMPSON v. THE STATE.
### (527 SE2d 23)

RUFFIN, Judge.

A jury found Timothy Simpson guilty of two counts of burglary. On appeal, Simpson challenges two evidentiary rulings by the trial court. We find no error and affirm.

Simpson was charged with burglarizing three homes in Floyd County. The first burglary took place on August 14, 1997. That day, Danny Brewer saw an unfamiliar pickup truck with two men inside back out of the driveway at the home of his neighbor, Bill Clanton. Brewer wrote down the tag number and later called police. According to Clanton, lawn equipment was taken from his garage that day, and there were pry marks on the door of his house that apparently were made by a screwdriver. Police traced the tag number to Simpson's father, and Brewer identified Simpson's truck from a photograph as the one he saw at Clanton's house.

The second burglary happened on October 21, 1997, when someone broke into Mike Gable's house and stole guns, televisions, a videocassette recorder, and jewelry. The back door appeared to have been pried open with a screwdriver. Gable's neighbor, Lee Ponder, saw an old pickup truck pull out of Gable's carport that day. At trial, however, Ponder was unable to identify Simpson's truck as the one he saw.

In the third burglary, on October 23, 1997, Maurice Orr returned home and saw an unfamiliar pickup truck in his driveway. Inside the house, Orr found a man carrying a television in the hallway. He got into a scuffle with the man, and then another man came down the hall. Both men fled in the truck. Orr gave the tag number to police,

who found the truck about 30 minutes later behind a pawnshop. The truck belonged to Simpson. At trial, Orr identified Simpson as one of the burglars.

Simpson was charged with all three burglaries, but the trial court directed a verdict of acquittal as to the second one.

1. In his first enumeration, Simpson argues that the trial court erred in allowing the State to introduce evidence of a pending loitering charge against him to show intent and bent of mind. The facts surrounding the charge are as follows. While on patrol on September 30, 1997, Officer John Blalock saw Simpson standing in the front yard of a house, staring at the house. Simpson then went to the back yard of a neighboring house and peered inside. Blalock approached him, did a pat-down search, and discovered a screwdriver in his pocket. Simpson gave conflicting explanations for his behavior. Blalock arrested him for loitering and prowling.

The trial court held a hearing to decide the admissibility of the evidence. Defense counsel agreed that the incident, which occurred in September, was close in time to the burglaries, which took place in August and October. Counsel objected, however, that the loitering incident was not actually a burglary. The trial court stated that the only reason the incident "didn't turn out to be a burglary [was] because the police halted it before it happened." The court ruled that the incident was admissible to show Simpson's intent and bent of mind.

We uphold the trial court's ruling. Evidence of other offenses is admissible if the State shows that (1) the evidence serves an appropriate purpose, such as showing the defendant's intent or bent of mind; (2) the accused committed the other offense; and (3) the other offense and the offense for which the defendant is on trial are sufficiently related "such that proof of the former tends to prove the latter."[1] The other offense need not result in a conviction to be admissible as a similar transaction.[2]

Simpson argues that the other offense was not similar to the burglaries. There were, however, several important similarities. In addition to being close in time to the burglaries, the loitering incident appeared to be a foiled attempt at burglarizing another residence. Moreover, Simpson had a screwdriver in his pocket when he was arrested for loitering, and a screwdriver was used to gain entry into two of the three burglarized houses. Although at least two of the burglaries involved two men in a pickup truck, whereas Simpson apparently was alone in the loitering incident, the other offense need not

---

[1] (Punctuation omitted.) *Grant v. State*, 237 Ga. App. 892, 894 (2) (515 SE2d 872) (1999).

[2] Id.

be identical to the charged offense to be admissible.[3] We find sufficient similarity between the incidents to support the trial court's ruling.[4]

2. In his second enumeration, Simpson contends that the trial court erred in ruling that a defense witness' prior criminal conviction was admissible. At the start of trial, Simpson announced that he might call his mother as a witness to testify that the truck involved in the burglaries — which was registered to Simpson's father — had been stolen. Simpson moved to exclude evidence that Mrs. Simpson had been convicted of making a false report of a crime for reporting the truck as stolen. The trial court ruled that the State could introduce Mrs. Simpson's certified conviction, along with the testimony of the officer who arrested her, as rebuttal evidence if she took the stand. The defense elected not to call Mrs. Simpson.

Simpson argues that evidence of his mother's conviction was inadmissible because her credibility was a matter for the jury to decide. But Georgia law permits the impeachment of a witness by proof of her conviction of a crime of moral turpitude.[5] Because making a false report of a crime qualifies as a crime of moral turpitude,[6] evidence of Mrs. Simpson's conviction would have been admissible. Thus, the trial court did not err.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 6, 1999.

*John F. McClellan, Jr.*, for appellant.

*Tambra P. Colston, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.

---

[3] *Raulerson v. State*, 268 Ga. 623, 631 (8) (491 SE2d 791) (1997) ("The admissibility of evidence of other criminal acts by the defendant is not solely determined by the number of similarities between two incidents, particularly where the independent crime is admissible to show bent of mind.").

[4] See id.; *Methvin v. State*, 189 Ga. App. 906, 909 (2) (377 SE2d 735) (1989).

[5] *Harwell v. State*, 270 Ga. 765, 768 (2) (512 SE2d 892) (1999).

[6] See *In the Matter of Holland*, 253 Ga. 428 (321 SE2d 338) (1984) (false swearing is crime of moral turpitude); *Ramsey v. Powell*, 244 Ga. 745 (262 SE2d 61) (1979) (false swearing is " 'crime involving moral turpitude,' since it involves dishonesty").