## A09A0973. CARTER v. THE STATE.
### (683 SE2d 654)

MILLER, Chief Judge.

A jury found George Washington Carter guilty of one count of burglary (OCGA § 16-7-1 (a)). Carter appeals challenging the sufficiency of the evidence, arguing that the State failed to introduce evidence of intent to commit burglary. We find that the evidence submitted to the jury was sufficient on the question of intent. Discerning no error, we affirm.

"On appeal, the evidence must be viewed in the light most favorable to the jury's verdict and the appellant no longer enjoys the presumption of innocence." (Punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). "[M]oreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). Under the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we must determine whether the evidence was sufficient for any rational trier of fact to find beyond a reasonable doubt the defendant was guilty. Id.

So viewed, the evidence shows that on December 24, 2005, while outside at his mailbox, Lee noticed Carter walking down the street, and after reentering his house, noticed that Carter had appeared on the steps of his back porch. Concerned, Lee went to check on the situation and found Carter just inside the back screen door. There, while holding a knife beneath the cuff of his shirt visible to Lee, Carter demanded money. Lee managed to grab a screwdriver from a nearby windowsill and replied, "I ain't got none." Carter then

turned and left. Lee reported the incident to police, who, shortly thereafter, arrested Carter as he attempted to flee.

Carter argues that he should not have been convicted of burglary because the State failed to introduce any evidence that he entered Lee's residence " 'with the intent to commit a felony or theft therein.' " He contends that the only evidence of intent was that which the State introduced in support of the criminal attempt to commit armed robbery, of which he was acquitted. We disagree.

Under Georgia law, "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." OCGA § 16-7-1 (a). "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). Thus, the elements of burglary and attempted armed robbery and "the culpable mental states required of these crimes [are] different." (Footnote omitted.) *Skaggs-Ferrell v. State*, 266 Ga. App. 248, 251 (5) (596 SE2d 743) (2004); see also OCGA §§ 16-7-1 (a); 16-8-41 (a). In either event, whether the requisite element of intent has been proven is for the jury to determine under the facts and circumstances proved. See *Methvin v. State*, 189 Ga. App. 906, 907 (377 SE2d 735) (1989). Moreover, "intent may be inferred from, and usually of necessity must be proved by circumstantial evidence." (Citation and punctuation omitted.) *Hewatt v. State*, 216 Ga. App. 550, 551-552 (2) (455 SE2d 104) (1995). Flight, among other things, is circumstantial evidence of guilt. *Campbell v. State*, 215 Ga. App. 14, 15 (1) (449 SE2d 366) (1994).

Here, there was evidence that Carter entered Lee's dwelling alone without authority, demanded money with a visible weapon, and fled officers. Accordingly, the evidence was sufficient for the jury to find Carter guilty of burglary beyond a reasonable doubt. *Short*, supra, 234 Ga. App. at 634.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 13, 2009.

*Lewis R. Lamb, Reese H. Davis*, for appellant.

*Plez H. Hardin, District Attorney, David E. Perry, Daniel P. Bibler, Assistant District Attorneys*, for appellee.