## 54268. ANDREWS v. THE STATE.

SMITH, Judge.

The appellant was convicted by a jury for the offense of theft by taking. On appeal she contends that the evidence did not support the verdict and that her character was erroneously placed in issue. We affirm.

1. The evidence showed that the appellant lingered in a women's apparel department of Davison's Department Store for about one hour, refusing all offers of assistance from sales personnel. Security personnel were called, and one officer testified that she saw the appellant remove a collapsible flight bag from her purse, discreetly place several articles of clothing in the bag, leave the department with the bag, then abruptly return to the department, abandon the bag on a rack, and make a small purchase. Upon her departure she was apprehended with no stolen articles in her possession. Code § 26-1802 provides that theft by taking occurs in such a mercantile establishment when an individual, "with the intent of appropriating merchandise to his own use or to deprive the owner of possession thereof or of the value thereof . . . (1) Removes any such merchandise from the immediate place of display; or (2) Conceals any such merchandise. . ." The evidence authorized the jury to conclude that the only reasonable hypothesis to explain the appellant's conduct was that, when concealing the merchandise or when removing it from the immediate place of display, she intended to appropriate it to her own use or to deprive Davison's of possession of it.

2. Testimony was admitted detailing another security officer's observation of the appellant at another time in a different Davison's store. At this other time, the appellant was observed discreetly placing merchandise in a flight bag, but she was not apprehended. Although this testimony tended to place the appellant's character in issue, the similarities in the appellant's methods on the two occasions made proof of one relevant to proof of the other, such as to show an intent to steal. The evidence was properly admitted since its relevance to the issues at trial outweighed its prejudicial impact. *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775) (1974).

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 19, 1977 — DECIDED OCTOBER 13, 1977 — REHEARING DENIED NOVEMBER 9, 1977.

*Cohen, Traub & Mackin, Dennis S. Mackin,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Carole E. Wall, Assistant District Attorneys,* for appellee.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

