## S91A0116. HUTCHINS v. THE STATE.
(404 SE2d 548)

FLETCHER, Justice.
Ricky Hutchins was convicted by a jury of the felony murder and the malice murder of his elderly cousin, Maddox, armed robbery, and theft by taking of a motor vehicle. The trial court sentenced Hutchins to life imprisonment for the malice murder, to a consecutive sentence of 15 years for the armed robbery, and to a concurrent sentence of five years for the theft by taking. The trial court did not sentence

---

Hutchins on the felony murder conviction.[1] Hutchins appeals.

The evidence shows that, on March 18, 1989, appellant and Anthony Howard spent much of the day baling and selling pine straw to raise money to buy alcohol and drugs. After having spent the money they had raised, appellant and Howard went to Maddox's house, where appellant sometimes lived. From that point on, the evidence presented by the State and by appellant differs dramatically. However, it is clear that Maddox was beaten severely and stabbed numerous times, that his house, with the exception of appellant's room, was ransacked, and that appellant and Howard drove from the scene in Maddox's truck with some money that had been found in Maddox's house.

Approximately a day after the above incidents occurred, appellant called police to Maddox's home, told them Howard had planned the robbery, had killed Maddox, and had forced appellant to go along with the scheme. Howard was indicted for the murder of Maddox, armed robbery, theft by taking of a motor vehicle and was notified that the State was seeking the death penalty against him. Shortly after Howard was indicted, appellant was indicted for the same crimes but, with appellant, the State did not seek the death penalty. Howard testified against appellant at trial and was later allowed to plead guilty to all charges against him in return for a life sentence.

1. In his first enumeration of error, appellant contends that the verdict was contrary to and against the weight of the evidence. Our review of the record reveals that, while the evidence is conflicting, a rational trier of fact could have found appellant guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The fourth enumeration of error concerns the trial court's refusal to give appellant's requested charge concerning mere presence at the scene of a crime. Because the trial court's general charge covered the same principle of law as the requested charge and yet was not subject to the objections raised by the State with respect to the requested charge, we find no error. *Wiggins v. State*, 252 Ga. 467, 468 (314 SE2d 212) (1984).

3. In his seventh enumeration of error, appellant contends that the trial court erred by sentencing him on the armed robbery count which was a lesser included offense of the felony murder count. It is

---

[1] The crimes were committed on March 19, 1989. Appellant was indicted on June 23, 1989 and was tried on February 5, 8-9, 1990. The jury returned its verdict on February 9, 1990 and the trial court sentenced appellant on February 14, 1990. Appellant's motion for new trial, filed on March 7, 1990, was denied on September 11, 1990. Appellant's notice of appeal was filed on September 28, 1990 and the appeal was docketed in this court on October 24, 1990. The appeal was submitted for decision without oral argument on December 7, 1990.

appellant's position that, because the jury found him guilty of both malice murder and felony murder, the trial court should have given him the benefit of the doubt and sentenced him only on the lesser offense of felony murder. Following appellant's logic, the offense of armed robbery would then have merged with the felony murder offense and only a sentence on the felony murder conviction would be authorized. We find appellant's logic unpersuasive.

The jury's verdict contains no ambiguity because the jury specifi-.cally found appellant guilty of both malice murder and felony murder. The trial court correctly determined that, although convicted of both, appellant may be sentenced for only one of the two and imposed sentence only for the malice murder conviction. Accord *Smith v. State*, 258 Ga. 181 (2) (366 SE2d 763) (1988).

While the armed robbery may have been the felony underlying the felony murder count, the evidence was sufficient to support a finding that appellant took part in a plan to commit both the malice murder and the armed robbery. As a result, the armed robbery was not a lesser included offense of the malice murder and the conviction for armed robbery is affirmed. See *Massey v. State*, 243 Ga. 228 (253 SE2d 196) (1979).

4. We have reviewed appellant's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 23, 1991 —
RECONSIDERATION DENIED JUNE 27, 1991.

*Henry G. Bozeman,* for appellant.
*Ralph M. Walke,* District Attorney, *Peter F. Larsen,* Assistant District Attorney, *Michael J. Bowers,* Attorney General, *Paula K. Smith,* Assistant Attorney General, for appellee.