## A91A1266. HARRIS v. THE STATE.
### (410 SE2d 351)

COOPER, Judge.

Appellant was convicted by a jury of aggravated battery, aggravated assault and two counts of possession of a knife during the commission of a crime. On appeal, her sole enumeration of error is the trial court's admission of the State's similar transaction evidence.

The evidence adduced at trial reveals that on the night of July 12, 1990, appellant went uninvited to the home of the victim, who was sitting on his front porch. Appellant told the victim to go in the house and after the victim refused, appellant walked into the victim's house, went into the kitchen and looked in the victim's refrigerator. The victim followed appellant into the house and told appellant to get out of his house. Appellant then took a butcher knife out of the kitchen sink, ran towards the victim with the knife and stabbed him below his navel, forcing the full length of the blade into the victim's body. There was evidence that appellant was intoxicated at the time of the stabbing. Appellant offered a different version of the incident, testifying that as she was walking home on the night of the stabbing, she was approached by the victim who made sexual advances toward her; that the victim and appellant had a brief verbal exchange; and that the victim took a knife and stabbed appellant, and then appellant took out a knife and stabbed the victim.

The State introduced into evidence a certified copy of appellant's

plea of guilty to the charge of voluntary manslaughter, arising out of an incident on November 11, 1982 wherein appellant, while intoxicated, killed a man by stabbing him in the chest with a butcher knife. The State also introduced a picture of that butcher knife for the purpose of comparing it to the knife used in the stabbing for which appellant was on trial. The trial court instructed the jury that appellant was only on trial for the offenses charged in the indictment and that evidence of any other offenses was admitted only to the extent that it might illustrate appellant's identity, bent of mind, plan, scheme, course of conduct or state of mind and that such evidence was not to be considered for any other purpose. " 'Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact. "However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged. (Cit.)" Mere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. (Cit.)' [Cits.]" *Leonard v. State*, 197 Ga. App. 221, 223 (2) (398 SE2d 250) (1990). Since the identification of appellant as the perpetrator of the previous transaction was established, the admissibility of the evidence depends on whether it was sufficiently similar to the crime charged. Both stabbings were committed with a butcher knife when appellant was intoxicated and apparently angry with the victim. The previous stabbing was sufficiently similar to the crime charged and was "admissible for the limited purpose of showing [appellant's] propensity for knife wielding, which falls within the 'bent of mind' exception to the inadmissibility rule. [Cit.]" *Millwood v. State*, 164 Ga. App. 699, 701 (1) (296 SE2d 239) (1982). Furthermore, "[e]ven assuming there was error . . . where, as here, the evidence was overwhelming, it is highly probable that the error did not contribute to the judgment. Therefore, the error, if any, is harmless. [Cit.]" *Mims v. State*, 180 Ga. App. 3, 5 (2) (348 SE2d 498) (1986).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1991.

*Andrews & Seery, Stephen H. Andrews*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.