## A91A1464. CHILDS v. THE STATE.
### (414 SE2d 714)

COOPER, Judge.

Appellant appeals from his conviction of burglary by a jury and the resulting sentence.

On October 3, 1990, the front door, window and interior jewelry case of a jewelry store in Moultrie, Georgia were shattered by a concrete block and a brick. The owner and an employee of the store both testified at trial that several gold chains were missing from the shattered jewelry case. On October 8, 1990, a police officer recovered gold chains from two persons, Kenneth Weaver ("Weaver") and Ricardo Morales ("Morales"), who both testified at trial. Weaver stated that he saw appellant shortly after midnight on October 3, 1990, at an apartment building where appellant was peddling gold chains in a crowd of people. Weaver testified that appellant had several gold chains and Weaver stated that he took one of the chains when appellant was not looking. Weaver identified a chain admitted into evidence as being very similar to the one he took from appellant. Weaver also stated that he had told a police officer prior to trial that appellant looked as if he had busted something with his hand. Morales testified that he, too, was in the crowd at the apartments when appellant was selling gold chains and that he purchased chains from appellant at that time. He identified other gold chains admitted into evidence as the chains that he obtained from appellant. Morales could not recall the exact date on which he saw appellant with the chains, nor could he recall if appellant had any injury to his hand. Both Weaver and Morales testified that the other one was present in the crowd around appellant. The owner and the employee of the jewelry store testified that the chains recovered from Weaver and Morales and admitted into evidence were chains taken from the jewelry store, yet on cross-examination they admitted that there were no identifying numbers or markings on the chains and that other jewelry stores could carry identical chains.

1. Appellant first enumerates as error the trial court's decision to admit evidence of a prior crime of appellant. At trial, the state introduced evidence of a guilty plea of appellant to the crime of criminal

damage to property which occurred in May 1987. Witnesses testified that this crime involved damage to the front glass window of another jewelry store in Moultrie which is located in the vicinity of the store involved in the instant case. In the previous incident, a concrete block was thrown against the front window of the store. The window, being made of a special material, did not break, and no entry to the store was obtained. Before evidence of similar crimes is admissible, " ' "two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged." [Cit.]' [Cit.]" *Carter v. State*, 192 Ga. App. 726, 729 (8) (386 SE2d 389) (1989). Further, " '[e]vidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact.' " Id. Both conditions are satisfied in the instant case. Appellant admitted that he was the perpetrator of the independent crime, and the circumstances of the two crimes are sufficiently similar such that the relevance of the independent crime to show plan, scheme, bent of mind and course of conduct outweighs any prejudice that may have resulted from its admission. Appellant argues that the prejudicial impact of the evidence outweighed its relevancy because of the three-year time lapse between the two crimes and because of the weak nature of the state's case. " 'Mere lapse of time between the commission of any prior similar crimes and the commission of the offenses currently at trial does not render the evidence automatically inadmissible. [Cit.] Rather, lapse of time is a factor to be taken into consideration when *balancing the probative value of the evidence against its potentially prejudicial impact.*' [Cit.]" *Roney v. State*, 192 Ga. App. 760, 763 (2) (386 SE2d 412) (1989). As stated above, we find the probative value and the relevancy of the evidence to be paramount. The trial court gave detailed limiting instructions at the time the evidence was admitted and at the close of the case that evidence of any other crimes of appellant should be considered only as it may illustrate the mental state, identity or intent of appellant and for no other purpose. We conclude that no error occurred. Id.

2. Appellant also contends that the trial court erred in denying appellant's motion for a mistrial based on the arresting officer's testimony that he recognized appellant when he saw him because he had known appellant for a long time. Appellant argues that this statement placed appellant's character in issue because it raised the inference that the officer had been familiar with appellant in his duty as a police officer. This same argument was rejected in *James v. State*, 223 Ga. 677 (11) (157 SE2d 471) (1967). We have also held that an officer's testimony that he knew where the defendant lived did not

place the defendant's character in issue. *Chaney v. State*, 169 Ga. App. 616 (2) (314 SE2d 457) (1984). This enumeration is without merit.

3. Lastly, appellant contends that the trial court erred in overruling his motions for a directed verdict and judgment notwithstanding the verdict, asserting the insufficiency of the evidence. Viewing the evidence in a light most favorable to the verdict, we conclude that the evidence was sufficient to allow a rational trier of fact to find appellant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The court did not err in denying appellant's motions.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1992.

*Short, Fowler & Castellow, Lester M. Castellow*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.