## S93A1934. SMITH v. THE STATE.
### (440 SE2d 188)

FLETCHER, Justice.

Lucious Smith was convicted of felony murder and possession of a firearm during the commission of a felony in the shooting death of Willie Posey. Smith was sentenced to life imprisonment for the felony murder conviction and five years to be served consecutive to the life sentence for the possession of a firearm conviction. He appeals and we affirm.[1]

1. The evidence when viewed in a light most favorable to the prosecution is sufficient to prove that Smith's wife had left him and moved in with the victim. On the date of the incident Smith had been by the victim's apartment several times and was waiting in the entrance hallway outside the apartment when he arrived home from work. Soon after the victim entered the hallway Smith shot him two times, causing his death. After reviewing the record, we conclude that a rational trier of fact could have found Smith guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Smith enumerates as error the trial court's decision to allow the state to introduce testimony concerning his 1988 or 1989 actions and statements which his wife, Ethyl, described as threatening. Smith argues that his actions on that occasion did not constitute an aggravated assault or an attempted aggravated assault since he did not take steps proximately leading to the consummation of a crime (citing *Riddle v. State*, 145 Ga. App. 328 (243 SE2d 607) (1978)) and, therefore, this evidence was not probative with regard to the later shooting.

In *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) we held that the state must make three affirmative showings before evidence concerning independent acts or offenses would be admissible. *Williams*, 261 Ga. at 642. Smith concedes that the state made the first two affirmative showings[2] but claims that the state did not make the third affirmative showing that there be a sufficient connection or similarity between the independent act and the charged offense such that proof of the former tends to prove the latter.[3] Id.

---

[1] The homicide occurred on February 12, 1991 and Smith was indicted on January 27, 1992. Smith was convicted and sentenced on September 24, 1992 and his motion for new trial was denied on February 19, 1993. His notice of appeal to the Court of Appeals was filed on March 19, 1993 and, after being granted an extension to file the trial transcript, his appeal was transferred to this court on September 7, 1993. The case was submitted for decision on briefs on October 29, 1993.

[2] That the evidence be introduced for an appropriate purpose and that the accused be sufficiently identified as the perpetrator of the independent act or offense. *Williams*, 261 Ga. at 642.

[3] The trial court conducted a hearing pursuant to USCR 31.3 (B) where the state proffered its evidence and argued how that evidence met the showings required under *Williams*.

Apparently, Smith believes that he must have completed an act of assault in the 1988/89 incident in order for that incident to be sufficiently connected or similar to the charged offense to meet the third *Williams* requirement. Such belief is not well founded as the independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them.

Ethyl's testimony established that soon after she divorced Smith and began living with the victim in 1988/89, Smith, who was carrying a pistol, came looking for the victim. She also testified that Smith made comments to her that at least could be interpreted as threatening bodily harm against both her and the victim. Further testimony showed that Ethyl remarried Smith in January 1991 and that less than a month after the marriage she had left him and was again living with the victim. It was shortly after Ethyl moved back with the victim that Smith confronted and shot him.

The testimony, that on the last occasion Ethyl had gone to live with the victim Smith had come looking for him while armed and had made threats to do him bodily harm, would have probative value for the purpose of proving Smith's state of mind and intent. Therefore, this enumeration has no merit.

3. Smith also contends that there is not a sufficient connection or similarity between the independent acts and the charged offense because his remarriage to Ethyl after the independent acts occurred and his love for his wife demonstrate that his earlier statements and actions were not meant as a threat. Whether or not Smith's statements and acts constituted a threat is a determination for the jury and would go to the weight and credibility of Ethyl's testimony, not its admissibility under the independent act exception to the rule against introduction of character evidence.

4. Smith pro se has filed his brief seeking to raise issues not raised by his appellate counsel. For the reasons given in *Eagle v. State*, 264 Ga. 1 (440 SE2d 2) (1994), we will not address these issues.

*Judgment affirmed. All the Justices concur, except Hunt, P. J., who concurs in the judgment only.*

DECIDED FEBRUARY 28, 1994 —
RECONSIDERATION DENIED MARCH 18, 1994.

*Joseph Wiley, Jr.,* for appellant.
*Douglas C. Pullen, District Attorney, Mark C. Post, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner,*

*Staff Attorney,* for appellee.