## A95A1028. SPEAD v. THE STATE.
### (462 SE2d 635)

RUFFIN, Judge.

Commie Lee Spead, Jr., was convicted by a jury of the sale of cocaine. He appeals from the judgment of conviction and sentence primarily challenging the admission of similar transaction evidence. For the reasons which follow, we affirm.

Viewed in a light to support the verdict, the evidence shows that in connection with his service on the Metro Drug Task Force, Officer Tom Jump wanted to make an undercover crack cocaine purchase at a trailer in which Spead and his brother lived. A confidential informant directed Officer Jump to the trailer. When they arrived, the informant went to the front door and had a brief conversation with the individual who opened the door. The informant then returned to the car, followed by Spead who got into the back seat. Spead allegedly told Officer Jump he did not have any cocaine there, but he directed the officer to drive down one block where Spead got out of the car. Spead then instructed Officer Jump to drive farther down the street, turn around and come back. When Officer Jump returned, Spead got back in the car with two pieces of crack cocaine for which Officer Jump paid him $40.

The car was equipped with a hidden video camera. In order for Officer Jump to get a picture of Spead, Spead needed to stand at the driver's side window. Therefore, after Spead got out of the car, Officer Jump offered him a beer. When Spead reached for the beer, he was momentarily in camera range. The jury viewed the videotape at trial. Officer Jump testified that he got a good look at Spead at the time of the drug purchase. He identified Spead at trial, testifying that there was no doubt in his mind that Commie Lee Spead was the person who sold him two pieces of crack cocaine as described above, and he identified Spead on the videotape.

1. In his first enumeration of error, Spead contends the trial court erred in permitting the State to present similar transaction evidence because the circumstances surrounding his 1987 conviction for selling crack cocaine were not sufficiently similar to the transaction for which he was tried and the 1987 conviction was too remote in time.

Officer Willie McCoy testified that on November 13, 1986, as a part of an undercover investigation of street-level drug dealers, he was parked in a parking lot notorious for drug activity when Spead approached him and offered to sell him one rock of crack cocaine. After the two haggled over the price, Officer McCoy paid Spead $27. Due to the passage of time, Officer McCoy could not positively identify Spead at trial as the individual who sold him cocaine on November 13, 1986. He was certain, however, that he purchased the cocaine

from a "Commie Lee Spead." Spead later testified regarding his sale of cocaine to Officer McCoy on November 13, 1986, and his subsequent conviction and imprisonment. He stated that Officer McCoy's informant approached him and said that McCoy wanted to purchase drugs but that he was McCoy's cousin and did not want McCoy to know he was selling drugs. The informant purportedly then gave Spead the cocaine which he sold to McCoy.

The State also introduced into evidence a certified copy of a 1987 indictment which identified the defendant as "Commie Lee Spead" and showed his conviction of the sale of cocaine. Spead admitted that the document represented his conviction for selling cocaine to Officer McCoy on November 13, 1986. The State offered the evidence to prove identity and to show Spead's propensity to sell cocaine.

"The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character. Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." (Citations and punctuation omitted.) *Faison v. State*, 199 Ga. App. 447, 448 (1) (405 SE2d 277) (1991). "[T]he requisite similarity between the two incidents depends on the purpose for which the evidence is being presented. If, for example, the evidence is being presented to prove the *identity* of the perpetrator of the offense charged, a long list of similarities between or among the crimes might be necessary to show that the crime on trial bears the defendant's 'criminal signature.'" *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989). Evidence of a perpetrator's propensity to commit an offense in a particular manner "falls within the bent of mind exception to the inadmissibility rule." (Citations and punctuation omitted.) *Harris v. State*, 201 Ga. App. 152, 153 (410 SE2d 351) (1991). The trial court's findings on questions of similarity will not be disturbed on appeal unless clearly erroneous. *Cantrell v. State*, 210 Ga. App. 218 (2) (435 SE2d 737) (1993).

The State argues that the two incidents were sufficiently similar because both sales took place in automobiles in Camden County at approximately the same time of the day, and in both transactions, informants approached Spead and initiated the transaction. The State also contends that the eight-year lapse between the two offenses goes to the weight and credibility of such evidence. On the other hand, Spead contends the State identifies only superficial similarities

between the two transactions and that there are substantial differences between the transactions which militate against the admission of the 1987 conviction.

While we agree with Spead that the circumstances underlying the transactions are somewhat different, we nonetheless find that the previous conviction was admissible for the purposes articulated by the State inasmuch as the evidence, including Officer Jump's identification of Spead and Spead's own admission of his previous sale to Officer McCoy, shows Spead to be a relatively low-level drug dealer selling small quantities of crack cocaine out of his hand. Furthermore, given Spead's imprisonment during the period between the two incidents, the earlier incident was not too remote in time. See *Gonzalez v. State*, 213 Ga. App. 667 (1) (445 SE2d 769) (1994). In any event, " '[t]he lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility.' [Cit.]" *Snow v. State*, 213 Ga. App. 571, 572-573 (2) (445 SE2d 353) (1994). Accordingly, the trial court's admission of the previous conviction was not clearly erroneous.

We note that even if we had concluded that the admission of the 1987 conviction was erroneous because the transactions were not sufficiently similar, that error would not have mandated a reversal because there was overwhelming evidence of Spead's guilt of the offense charged to enable a rational trier of fact to convict him beyond a reasonable doubt; hence, any error in the admission of the 1987 conviction could not have contributed to the verdict. See *Faison*, supra; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Spead contends the trial court erred in admitting the certified copy of his 1987 conviction because it was incorrectly certified by the superior court clerk. The indictment identified the defendant as "Commie Lee Spead." However, the clerk's certification indicated that the document was a true and correct copy of the indictment and sentence in the case against "Commie Lee Spead, Jr." Spead contends the court erred in admitting the certified copy of the indictment and sentence absent any showing that the individual seated at the defense table was the same person characterized in the indictment. This enumeration is without merit inasmuch as Spead himself identified the document as his previous conviction of the sale of cocaine. Moreover, at the time the State introduced the document, Spead did not seek to bar its admission. Instead, he merely requested that the certification be redacted. The prosecutor then pointed out to the court that Spead signed the 1987 indictment and his current indictment as "Commie Lee Spead, Jr.," and the trial court admitted the document, over Spead's "objection," as presented. Under these circumstances, we find no abuse of discretion in the admission of the 1987 indictment.

3. Spead enumerates as error the court's charge on similar trans-

action evidence. Spead complains the court erred in instructing the jury that it could use the 1987 conviction to establish his identity since Officer McCoy could not identify him at trial; thus, the conviction could not have been admitted for that purpose. However, as we discussed above, there was ample evidence of Spead's involvement in both crimes, independent of Officer McCoy's inability to identify him at trial, to support the admission of the 1987 conviction and the court's charge. Accordingly, this enumeration is without merit.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED SEPTEMBER 19, 1995.

*Clyde M. Urquhart,* for appellant.

*W. Glenn Thomas, Jr., District Attorney, Darrell E. Wilson, Carole E. Wall, Assistant District Attorneys,* for appellee.