## S97A0293. WILLINGHAM v. THE STATE.

(485 SE2d 735)

HUNSTEIN, Justice.

Desmond Willingham was convicted of murder and aggravated assault in the shooting death of Gregory Allen. He appeals from the denial of his motion for new trial.[1]

1. The jury was authorized to find that Allen was angry at Willingham because Allen felt his arrest on drug charges resulted from police suspicions aroused when Willingham fled Allen's car during a police stop of the vehicle, leaving behind drugs found by the police. On the day of the crimes in issue, Allen drove up beside Willingham, who was standing with his aunt near a pay phone in the parking lot of a convenience store. Allen began arguing with Willingham, at one point stating that he was going to "teach [Willingham] how to respect a man." Willingham pulled a .38-type revolver from under his shirt and shot Allen in the forehead, causing his death. Willingham testified that he saw Allen reach into a coat pocket and come out with a gun and that he shot Allen in self-defense, using a weapon handed to him by a friend who was selling drugs at the store and kept guns in a nearby garbage can. The police found no weapons at the scene.

We find this evidence sufficient to enable a rational trier of fact to find Willingham guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Willingham contends and the district attorney agrees that because the murder and the aggravated assault both arose out of the same incident and the evidence used to prove one was the same as the evidence used to prove the other, Willingham's conviction on the aggravated assault charge merged into the murder. See *Johnson v. State*, 254 Ga. 591 (4) (331 SE2d 578) (1985). Accordingly, the judgment and sentence entered on the aggravated assault conviction are vacated.

3. Willingham contends the trial court erred by admitting evidence of a similar transaction. Betty Jo Williams testified that three days prior to the crimes in issue, she confronted Willingham in front of his girl friend's residence because he had paid two girls to "jump on" her daughters. Angered over this verbal altercation, Willingham

---

[1] The homicide occurred on April 21, 1994. Willingham was indicted in Fulton County on August 12, 1994 on charges of murder, felony murder and aggravated assault. He was found guilty of all charges on June 1, 1995. The trial court, in orders filed June 2, 1995, merged the felony murder into the murder conviction and sentenced Willingham to life imprisonment for murder and 20 years for the aggravated assault. His motion for new trial was filed June 2, 1995, amended July 23, 1996, and denied September 12, 1996. A notice of appeal was filed October 4, 1996. The appeal was docketed in this Court on November 14, 1996. This appeal was orally argued on February 10, 1997.

retrieved a .38-type revolver from a nearby location and shot at her.

Evidence of prior crimes is admissible where the trial court determines that the State satisfactorily makes the three affirmative showings required by *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3 (B). The trial court found that the prior transaction was offered for an appropriate purpose, namely, to show course of conduct and bent of mind;[2] that the prior transaction was substantially similar;[3] and that it was clearly established that Willingham committed the prior similar transaction. We find no error in the trial court's admission of this evidence. See *Farley v. State*, 265 Ga. 622 (2) (458 SE2d 643) (1995).

4. Willingham contends the trial court erred by failing to grant a mistrial when the prosecutor injected new evidence into closing argument. The transcript reveals that the prosecutor, in response to defense counsel's comment that the State had not produced Betty Jo Williams' daughters to testify at trial about the similar transaction episode, told the jury that "[w]hat [defense counsel] didn't tell you is that he did talk to [the daughters] and they were available [to testify]." We need not address the State's arguments that the challenged statement was a legitimate inference drawn from the evidence and a valid comment on the defense's failure to produce witnesses because we conclude that, even if error, it is highly probable this remark regarding witnesses to the similar transaction episode did not contribute to the verdict. See generally *Vincent v. State*, 264 Ga. 234, 235 (422 SE2d 748) (1994).

5. The trial court correctly charged the jury, in regard to the jury's consideration of the lesser included offense of voluntary manslaughter, that "[i]f there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard which the jury [in all cases] shall decide, the killing shall be attributed to deliberate revenge and be punished as for murder." See OCGA § 16-5-2; Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), Part 4, No. 5 (a). A second instruction correctly covering the same basic principles was given at the end of the charge. The jury, after deliberating just over one hour, requested to hear numerous charges again, including the charge on

---

[2] The trial court ruled that the evidence showed Willingham's "readiness to engage in the use of deadly force [with] minimal provocation."

[3] The trial court stressed that like the charged crime, the prior transaction was based on a verbal altercation which escalated to the point that Willingham produced a weapon; that the incidents occurred in public places, with numerous witnesses; that the weapon Willingham produced had not been visible to the victim (having been hidden either on his person or inside a dwelling); that Willingham used a .38-type revolver in both incidents; and that the weapon was used against victims who appeared to be unarmed who had not displayed any kind of weapon.

voluntary manslaughter. The trial court attempted to reiterate the above-cited charge. However, the transcribed record of the charge given reveals the omission of the subordinating conjunction "if" at the beginning of the charge and a period after the word "decide," turning the charge into two separate sentences.[4] Willingham contends this charge constituted reversible error. We do not agree. A manifest verbal inaccuracy is not reversible error in a charge which could not have confused or misled the jury because of the trial court's explicit instructions properly stated on the same subject before the inaccurate statement. *Siegel v. State*, 206 Ga. 252 (2) (56 SE2d 512) (1949). Because an examination of the charge as a whole reveals that the trial court had, at least twice, correctly instructed the jury about its consideration of the time between the provocation and the killing before the single slip of the tongue, we conclude that the challenged omission constituted harmless error. See generally *Sanders v. State*, 257 Ga. 239 (6) (357 SE2d 66) (1987).

6. The trial court's determination that Willingham received effective assistance of counsel was not clearly erroneous. The record supports the trial court's finding that the manner in which defense counsel chose to respond to testimony by Betty Jo Williams constituted trial strategy and tactics within the bounds of reasonable professional conduct. See generally *Luallen v. State*, 266 Ga. 174 (3) (b) (465 SE2d 672) (1996).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED MAY 5, 1997 —
RECONSIDERATION DENIED MAY 30, 1997.

*Steven E. Phillips,* for appellant.
*Paul L. Howard, Jr., District Attorney, Jamie L. Mack, Juliette W. Scales, Assistant District Attorneys, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

---

[4] The charge, as transcribed, provides
There should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard which the jury shall in all cases decide. The killing shall be attributed to deliberate revenge and punished as for murder.