## S97A0721. SPENCER v. THE STATE.
### (485 SE2d 477)

HUNSTEIN, Justice,

Marvin Spencer was convicted of malice murder, two counts of felony murder, aggravated assault and arson in the death of Pamela Byron. He appeals from the denial of his amended motion for new trial.[1]

1. The jury was authorized to find that Byron, age 15, lived with several family members, including her cousin, Spencer. Prior to the murder, Spencer had been observed touching Byron on her breasts and buttocks. Spencer had been living at the residence approximately two months when the Sylvester Fire Department was called to the home around 1:08 a.m. on April 2, 1996. A fire in the utility room was extinguished. In the course of picking up debris in the area, one of the firefighters attempted to pick up an electric drill; the drill's cord, which had been wrapped three times around Byron's neck, pulled her body into view. The doctor who performed the autopsy on Byron testified that she had been nude at the time of her death and

---

[1] The homicide occurred on April 2, 1996. Spencer was indicted in Worth County on April 22, 1996 on charges of murder, felony murder, arson and aggravated assault. He was found guilty on all charges on October 31, 1996 and sentenced to life imprisonment for the murder and a consecutive 20 years for arson. His motion for new trial was filed November 8, 1996, amended January 21, 1997, and denied January 24, 1997. A notice of appeal was filed January 27, 1997. The appeal was docketed in this Court on February 5, 1997 and was submitted for decision without oral argument on March 31, 1997.

that the cause of death was ligature strangulation with the drill cord; the fire began after she was dead. Physical evidence taken from the scene of the fire showed that the fire had been started by a specific brand of charcoal lighter fluid which another resident of the house testified she had seen in the house a week before the fire. Another witness testified that he heard "screaming, hollering" coming from the direction of the utility room after midnight and that he saw Spencer move a dog that was chained to a fence near the utility room. Spencer then returned to the utility room and the "hollering" stopped. Other witnesses testified that Spencer was in the house at the time of the fire and that Spencer had told them that Byron had called out to him from the burning utility room. Spencer, on the other hand, told several witnesses that he was at a grocery store when the fire began. A review of the store's videotape did not disclose Spencer's appearance there during that time period.

We find this evidence sufficient to enable a rational trier of fact to find Spencer guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Spencer contends the trial court erred by admitting evidence of a similar transaction, specifically contending that the State failed to prove that the past act was similar to the crime charged. Linda Abbs testified that in 1986 Spencer came up behind her, grabbed her, covered her nose and mouth and choked her until she lost consciousness. When she regained consciousness, Spencer was feeling her breasts and pelvic region. Abbs was able to break free from Spencer and seek assistance. Prior crime evidence is admissible when the State satisfactorily makes the three affirmative showings required by *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3 (B). "[T]he independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them." *Smith v. State*, 264 Ga. 46, 47 (2) (440 SE2d 188) (1994). Both situations at issue involved female victims who were sexually assaulted and choked during the assault. The commission of the two offenses were sufficiently similar such that the attack on Abbs was relevant to show course of conduct and bent of mind; that the prior transaction was substantially similar; and that it was clearly established that Spencer committed the prior similar transaction. *Willingham v. State*, 268 Ga. 64 (485 SE2d 735) (1997). We find no error in the admission of this evidence.

3. Spencer contends that the trial court's charge in regard to the jury's consideration of evidence of a similar transaction was inadequate. We disagree. The charge given was in substantial conformity with the suggested pattern jury instruction, see Council of Superior

Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, Part 3 (O) (2nd ed.), p. 24, and was not erroneous. *Farley v. State*, 265 Ga. 622 (3) (458 SE2d 643) (1995).

4. Spencer's complaints concerning both felony murder convictions and the conviction for aggravated assault are moot in light of his conviction for malice murder. See *Joachim v. State*, 263 Ga. 816 (2) (440 SE2d 15) (1994).

5. The trial court's determination that Spencer could be sentenced for arson was not erroneous. While it is true that Spencer's conviction for felony murder with the underlying felony of arson was vacated by operation of OCGA § 16-1-7, it is up to the trial court to determine whether the remaining felony did or did not merge into the malice murder count. *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993). Here, the trial court properly imposed a sentence only on the count of malice murder and treated the felony murder convictions as mere surplusage. As to the separate count of arson the indictment alleged that Spencer committed the offense of arson when he knowingly started a fire in a house while the house was occupied by two other residents, Woodard and Baker.

> While the [arson] may have been the felony underlying [one of] the felony murder count[s], the evidence was sufficient to support a finding that [Spencer] took part in a plan to commit both the malice murder and the [arson]. As a result, the [arson] was not a lesser included offense of the malice murder and the conviction for [arson] is affirmed. [Cit.]

*Hutchins v. State*, 261 Ga. 366, 368 (3) (404 SE2d 548) (1991).
*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1997.

*L. Clark Landrum*, for appellant.

*C. Paul Bowden, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.