## A97A1421. JIMENEZ v. THE STATE.

(492 SE2d 530)

McMurray, Presiding Judge.

Defendant was tried before a jury and convicted of committing the armed robbery of a Chamblee convenience store on December 25, 1992. Joshua Hart, the convenience store's clerk, testified that defendant came into the shop at about 5:00 in the afternoon on Christmas day and threatened him with a pistol when he confronted defendant about taking the beer. Mohammed Ibssa, the owner of another Chamblee convenience store, testified that he caught defendant stealing beer at his store about two and one-half years before the crime charged (June 27, 1990) and that defendant threatened him with a knife a day after he confronted defendant about stealing the beer. The trial court instructed the jury that Ibssa's testimony was admissible for the limited purpose of proving common design, scheme, plan, course of conduct, motive, location in place or time, identity, state of mind, knowledge, or intent.

Defendant testified that he entered the convenience store which is the subject of the crime charged on December 25, 1992; that Hart harassed him after he purchased some beer; that he was in possession of a pistol during this incident and that the pistol was tucked in his pants, visible to Hart during the confrontation. Defendant testified that he was acting in self-defense when he pulled a knife on Ibssa in June 1990, and explained that he did not threaten Hart with a gun or steal any beer from his store. *Held*:

In four enumerations of error, defendant challenges the trial court's admission of the similar transaction evidence. He argues that the incidents were not sufficiently similar; that the incidents were too remote in time; that the prejudicial impact of his prior criminal act outweighed its probative value and that the trial court's limiting instruction to the jury was too broad because his identity was not an issue, that is, the evidence was not admitted for a proper purpose.

"Prior crime evidence is admissible when the State satisfactorily makes the three affirmative showings required by *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3 (B). 'The independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them.' *Smith v. State*, 264 Ga. 46, 47 (2) (440 SE2d 188) (1994)." *Spencer v. State*, 268 Ga. 85, 86 (2) (485 SE2d 477). Both the crime charged and the June 27, 1990, convenience store incident involved confrontations with store workers which involved threats of violence by defendant with lethal weapons and which were precipitated by defendant's theft of beer. These circumstances authorize the trial court's finding that proof of defendant's actions during the June 27, 1990, incident is relevant to show defendant's motive, scheme,

plan, bent of mind and course of conduct during the December 25, 1992, armed robbery. See *Spead v. State*, 218 Ga. App. 547 (1), 548 (462 SE2d 635). The relevance of the similar transaction evidence, along with the trial court's appropriate limiting instruction regarding the purpose of this evidence, outweighed its prejudicial impact upon defendant's character. See *Cantrell v. State*, 210 Ga. App. 218, 219 (1), 221 (435 SE2d 737). The time span between defendant's prior criminal act and the crime charged was not too remote as not to be relevant. See *Childs v. State*, 202 Ga. App. 488 (1), 489 (414 SE2d 714). We find no error in the admission of the similar transaction evidence.

*Judgment affirmed. Beasley and Smith, JJ., concur in the judgment only.*

DECIDED SEPTEMBER 10, 1997 —
RECONSIDERATION DENIED OCTOBER 2, 1997 — 

*James W. Gibert*, for appellant.
*J. Tom Morgan, District Attorney, Sheila A. Connors, Desiree S. Peagler, Robert M. Coker, Assistant District Attorneys*, for appellee.