A99A2009. WILLETT v. THE STATE.
(522 SE2d 698)

MCMURRAY, Presiding Judge.

Following a jury trial, defendant was convicted of a single count of theft by shoplifting in violation of OCGA § 16-8-14. On appeal, she contends the trial court erred in admitting similar transaction evidence sufficiently distinguishable from the offense alleged so as to prejudice the jury against her. *Held*:

At trial, the evidence pertinently revealed that defendant and an elderly man in a wheelchair entered a Wal-Mart Super Store in July 1998. Once inside, they separated, and the defendant walked to the housewares and jewelry departments where she selected a knife set packaged in a blister pack and a watch, respectively. The defendant slipped these items into her purse and departed the store without paying. After passing the check-out, she rendezvoused with the gentleman with whom she had entered the store. He leaned forward in his wheelchair, and the defendant placed her purse behind his back. After retrieving the items taken from the older man, store employees apprehended the defendant in a nearby store.

Pursuant to its rulings at a pretrial hearing conducted under

Uniform Superior Court Rule 31.3 (B) and immediately before trial,[1] the trial court also admitted evidence of two previous convictions for shoplifting upon defendant's pleas of guilty and the testimony of store security personnel identifying the defendant as the perpetrator and describing the circumstances attendant to each. These similar transactions were admitted for the purpose of showing intent, bent of mind and modus operandi.[2] As to the first prior offense, Officer Crane testified that in March 1998 he observed defendant enter the K-Mart store at which he worked, walk to the hardware department, slip "a supply valve, a shower head and a couple of faucet handles" into her purse and depart the store without paying. Regarding the second conviction, Dan Johnson next testified that in April 1998 he observed the defendant and a man enter the Lowe's store where he was employed. Defendant and the man proceeded to the seasonal department. There, the man slipped a "chain saw blade and a chain saw sharpener" into defendant's open purse held open by her, and the two separated. Defendant was thereafter apprehended on the sidewalk outside after leaving the store without paying for the items.

Contrary to defendant's contentions, the trial court did not err in admitting evidence of prior similar transactions.

> "Prior crime evidence is admissible when the State satisfactorily makes the three affirmative showings required by *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3 (B). 'The independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them.' *Smith v. State*, 264 Ga. 46, 47 (2) (440 SE2d 188) (1994)." *Spencer v. State*, 268 Ga. 85, 86 (2) (485 SE2d 477) (1997).

*Brundage v. State*, 231 Ga. App. 478, 480 (2) (499 SE2d 408). Further, when, as here, the State is entering similar transaction evidence to prove bent of mind or course of conduct,

> it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced

---

[1] The trial court granted the State's motion to present evidence of similar transactions at its USCR 31.3 (B) hearing on December, 4, 1998, and, on December 11, 1998, denied defendant's motion in limine seeking reconsideration of the earlier ruling.

[2] The trial court charged the jury:
[T]he [defendant] is not on trial for any prior act, and any evidence as to any such is to be considered only for the limited purpose of showing in this particular situation her motive, intent, bent of mind or her method of operation, not for any other reason.

to prove identity. See *Harris v. State*, 222 Ga. App. 52, 53 (2) (473 SE2d 232). Similar transaction evidence can be introduced to prove bent of mind when there exists some logical connection between the similar transaction evidence and the charged offense so that the similar transaction evidence tends to establish the charged offense.

*Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d 393).

The shoplifting charge in the case sub judice and those of which defendant was convicted approximately five months earlier involved theft by shoplifting in large retail establishments in the same geographic area, a Whitfield County Wal-Mart Super Store in the instant action and a K-Mart and a Lowe's store in the neighboring Chattanooga, Tennessee area with respect to defendant's shoplifting episodes in March and April 1998. In each instance, defendant selected small items, concealed them in her purse, and exited the store without paying. Only with respect to the earliest of the prior offenses is a second person not involved. These circumstances permitted the trial court's finding that the evidence of similar transactions admitted was relevant to show defendant's bent of mind in the case sub judice. *Andrews v. State*, 143 Ga. App. 791 (2) (240 SE2d 142); compare *King v. State*, 230 Ga. App. 301, 303 (496 SE2d 312) (similar transaction evidence inadmissible where there are "no significant similarities between . . . offenses"). The relevance of the instant similar transactions evidence and limiting instruction of the trial court properly circumscribing the purposes for which such evidence could be used sufficiently outweighed any prejudicial impact on defendant's character. *Cantrell v. State*, 210 Ga. App. 218, 221 (2) (435 SE2d 737); *Andrews v. State*, 143 Ga. App. 791, supra. That approximately five months elapsed between the offense charged and defendant's prior shoplifting crimes is insufficient to affect the relevance of her prior acts. See *Childs v. State*, 202 Ga. App. 488, 489 (1) (414 SE2d 714); see also *Mullins v. State*, 269 Ga. 157, 158 (2) (496 SE2d 252); *Howard v. State*, 228 Ga. App. 775, 776 (492 SE2d 683). Under these circumstances, we find no abuse of discretion in the admission of the evidence of similar transactions.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 20, 1999 — 

*Hall, Booth, Smith & Slover, James E. Looper, Jr.*, for appellant.

*Kermit N. McManus, District Attorney, Matthew A. Rankin, Assistant District Attorney*, for appellee.