S00A0926. MOORE v. THE STATE.
(537 SE2d 334)

BENHAM, Chief Justice.

Charles Ansel Moore, Jr. was convicted of murder in connection with the beating death of his co-worker, Donald Timothy Aman.[1]

---

[1] The death occurred on August 17, 1998. Moore was indicted on January 28, 1999 for malice murder, three counts of felony murder, aggravated assault, armed robbery, theft by taking a motor vehicle, and concealing the death of another. A jury found him guilty on all counts on December 10, 1999. The trial court sentenced him to life imprisonment for the malice murder count, life imprisonment without parole for armed robbery, ten years, to be served consecutively, for theft by taking, and five years, to be served consecutively, for concealing the death of another. The felony murder and aggravated assault convictions were merged into the malice murder conviction. Moore filed a notice of appeal on December 28, 1999. The case was docketed in this court on February 28, 2000, and submitted for decision

Moore argues the trial court erred in admitting evidence of a separate, subsequent assault he was accused of committing. We affirm the ruling of the trial court because we conclude that there was a sufficient connection between Moore's subsequent assault of a co-worker and the crime at issue to authorize the trial court to admit evidence of the assault at trial.

1. Jeff Griffin, Moore's roommate, testified that on August 17, 1998, Moore brought another man home to their trailer while Griffin was in his bedroom reading magazines. After the other person, whom Griffin did not see, went into Moore's bedroom to sleep, Moore approached Griffin while swinging a hammer in his hand and suggested the two rob the victim.

While the victim slept, Moore and Griffin left the trailer to buy beer. Griffin went to his bedroom after they returned. While in his room, Griffin heard a thump from Moore's bedroom. He then saw Moore drag a man's body out of his bedroom in a sleeping bag. Griffin assisted Moore in disposing of the body after Moore convinced Griffin he would also go to jail if the killing were discovered. The two loaded the body into the victim's car and drove it to a creek in a remote area. Moore kicked the body into a creek.

Upon returning to the trailer, the two men proceeded to clean up the trailer to conceal the killing. The two men put Moore's blood-stained mattresses on top of the car and drove them to another location where they burned them. The next day, Griffin found a note that read "Gone" and discovered that Moore had taken all of his possessions out of his room. At trial, Moore admitted that he stole the victim's car, replaced the license plate with a stolen tag and drove it to South Carolina. The pathologist who examined the victim's body stated that he died from a single blow to the head, consistent with a blow from a hammer. The victim was identified by one of the crime investigators as being Donald Aman.

After reviewing the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to authorize the jury to find Moore guilty of all the charges against him. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Since an appellate court reviewing a trial court's denial of a motion for directed verdict applies the "sufficiency of the evidence" test of *Jackson v. Virginia*, supra, we also affirm the trial court's denial of appellant's motion for directed verdict of acquittal. *Jordan v. State*, 272 Ga. 395 (1) (530 SE2d 192) (2000).

2. Moore contends that the trial court erred in admitting evidence of a subsequent act as similar transaction evidence pursuant

without oral arguments on April 17, 2000.

to *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). The independent offense involved Moore's assault of another co-worker, Donald Young, several months after Aman was killed. Young testified that Moore struck him in the back of the head with a two-by-four while he was facing away from Moore on a construction site. After being struck, Young turned around and saw Moore running from the scene. Young sustained several fractures to the head and face as a result of the blow.

In order for evidence of independent offenses or acts to be admitted into evidence under *Williams*, a hearing must be held where the state must make three affirmative showings with respect to each independent offense to be introduced: (1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams*, supra. In the case at bar, the evidence was admitted to show course of conduct, common plan or scheme, and bent of mind and intent, proper purposes under *Williams*. The victim of the construction site assault positively identified Moore as his assailant. Moore argues there was not a sufficient connection between the independent assault and Aman's killing and describes what he considers to be substantial dissimilarities between the two acts.

In reviewing whether there were sufficient similarities that exist to create a connection between the independent act and the instant act such that the former tends to prove the latter, this Court must focus on the similarities between the two acts rather than the dissimilarities. *Farley v. State*, 265 Ga. 622 (2) (458 SE2d 643) (1995). While there must be proof of a sufficient similarity between the independent offense and the instant crime charged, the two crimes need not be carbon copies of one another to be admissible. *Smith v. State*, 264 Ga. 46 (2) (440 SE2d 188) (1994) ("[T]he independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them."); *Williams v. State*, supra.

Based on this standard, we conclude that there was a sufficient connection between the assaults on Young and Aman to authorize the trial court to admit evidence of Young's assault. The record shows that both victims were co-workers on construction sites and that Moore used the same method to attack both victims – inflicting surprise blows to the heads of both victims, in each attack using blunt objects commonly found on construction sites. In both attacks, the victims were left helpless, and Moore fled the scene. This evidence reflects a sufficient connection between Young's assault and Aman's assault such that proof of the former tends to prove the latter. *Wil-*

*liams*, supra.

Accordingly, we affirm the ruling of the trial court.

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., who concurs in Division 1 and in the judgment, and Sears, J., who concurs in the judgment only.*

DECIDED OCTOBER 2, 2000 —
RECONSIDERATION DENIED OCTOBER 20, 2000.

*Turner & Willis, Christopher W. Willis*, for appellant.

*Lydia J. Sartain*, District Attorney, *John A. Warr*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Wesley S. Wood*, Assistant Attorney General, for appellee.