## A02A2005. ZACHERY v. THE STATE.
(571 SE2d 529)

ELDRIDGE, Judge.

A jury found Lakeisha Zachery guilty of obstruction of a law enforcement officer, a violation of OCGA § 16-10-24 (a), a misdemeanor offense. Zachery appeals from the denial of her motion for new trial. In her sole enumeration of error, Zachery contends the trial judge erred when he denied her motion for directed verdict of acquittal. Finding no error, we affirm.

In reviewing a trial court's denial of a defendant's motion for directed verdict of acquittal, an appellate court applies the "sufficiency of the evidence" test of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Moore v. State,* 273 Ga. 11, 12 (1) (537 SE2d 334) (2000). Viewed in the light most favorable to the verdict, the evidence shows the following. On June 2, 2001, Officer D. M. Vagnini of the DeKalb County Police Department responded to a 911

call at 1908 Pennington Place. When Officer Vagnini arrived, Jeffrey Thompson was standing in the driveway; he directed her to his brother, Kirby Thompson, who was at the top of the driveway demolishing J. Thompson's car. As Officer Vagnini attempted to calm K. Thompson down, K. Thompson started running down the driveway toward his brother threatening to kill him. Officer Vagnini was unable to restrain K. Thompson as he kept breaking free. Backup officers arrived, and Officer Vagnini and three other officers were able to subdue and handcuff K. Thompson. Officer Vagnini and Officer A. S. Lewis both testified that during the struggle to subdue and handcuff K. Thompson, Zachery and another female started yelling and attempted to pull Officer Vagnini off K. Thompson's legs by grabbing and pulling Officer Vagnini's shirt and arms as the officer sought to stop K. Thompson's kicking.

Zachery alleges that because J. Thompson's testimony at trial was "diametrically opposed to the two officers' testimony," it provided a basis for a reasonable doubt which demands reversal.[1] However, this argument goes to witness credibility and asks this Court to do what we are not authorized to do, which is, to weigh evidence and determine witness credibility. "On appeal the evidence must be viewed in a light most favorable to the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, on appeal this [C]ourt determines evidence sufficiency, and does not weigh the evidence or determine witness credibility." (Citations omitted.) *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

"A jury is authorized to believe or disbelieve all or any part of the testimony of witnesses, and it serves as the arbiter of conflicts in the evidence before it. [Cit.]" *Drake v. State*, 238 Ga. App. 584, 586 (1) (519 SE2d 692) (1999). The jury heard all the evidence and accepted the testimony of Officers Vagnini and Lewis, which was sufficient to enable a rational trier of fact to find Zachery guilty beyond a reasonable doubt of the offense of obstruction of an officer (misdemeanor) in that Zachery knowingly and wilfully obstructed or hindered Officer Vagnini in the lawful discharge of her official duties. See OCGA § 16-10-24 (a).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

---

[1] J. Thompson testified that he called the police and helped the police subdue his brother. J. Thompson further testified that Officer Vagnini was not involved in the actual handcuffing of his brother and that it was only after the handcuffs had been placed on his brother that Officer Vagnini came over to where K. Thompson was and began hitting him with her baton. J. Thompson went on to testify that Zachery was either standing in the yard across the street or in the street the entire time and did not interfere with any of the police in their arrest of his brother.

DECIDED SEPTEMBER 20, 2002.

*Robert J. Storms*, for appellant.

*Gwendolyn R. Keyes, Solicitor-General, Heather C. Waters, Assistant Solicitor-General*, for appellee.