## S03A0780. MANUEL v. THE STATE.
(581 SE2d 532)

THOMPSON, Justice.

Defendant Robert D. Manuel was convicted of felony murder for killing Harry Hodges.[1] He appeals, asserting the trial court erred in

---

[1] Manuel and Tremayne Roseberry were indicted on October 3, 1997, and charged with malice murder, felony murder and armed robbery. The State announced its intention to seek

admitting evidence of a similar crime. We find no error and affirm.

1. Viewing the evidence in a light to uphold the verdict, we find the following: On the night of June 12, 1997, Manuel and Tremayne Roseberry[2] entered Harry Hodges' convenience store. Manuel, who had been in the store before and knew Hodges, was armed with a pistol; Roseberry carried a sawed-off shotgun. Both men wore masks. They demanded money and Hodges gave it to them. Then Manuel ordered Hodges to get down on the floor, calling him by name. Hodges complied, but Manuel shot him in the head anyway. Hodges was taken to a hospital; he died several days later.

The evidence was sufficient to enable any rational trier of fact to find Manuel guilty beyond a reasonable doubt of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Manuel asserts the trial court erred in allowing evidence that he committed a similar crime — an armed robbery — three years earlier because it improperly placed his character in issue. We disagree.

> Prior crime evidence is admissible when the State satisfactorily makes the three affirmative showings required by *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3 (B). The independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them. *Smith v. State*, 264 Ga. 46, 47 (2) (440 SE2d 188) (1994).

(Punctuation omitted.) *Spencer v. State*, 268 Ga. 85, 86 (2) (485 SE2d 477) (1997).

The trial court did not err in concluding that the prior crime was sufficiently similar to the present case as to be admissible to show bent of mind, motive, or course of conduct. *Wade v. State*, 274 Ga. 791 (2) (560 SE2d 14) (2002). In both situations Manuel and an accomplice robbed the victims (1) at gunpoint (2) at commercial establishments (3) in the night (4) wearing masks. Moreover, in both situa-

---

the death penalty on November 25, 1997. Manuel and Roseberry were tried separately; Manuel's trial commenced on October 25, 1999. Manuel was found guilty of felony murder and armed robbery. The jury found the presence of a statutory aggravating circumstance, OCGA § 17-10-30 (b) (2), but fixed Manuel's sentence at life imprisonment. The trial court merged the armed robbery conviction with the felony murder conviction and sentenced Manuel to life in prison. Manuel filed a motion for a new trial on December 2, 1999. The motion was denied on January 15, 2002, and Manuel filed a notice of appeal on February 14, 2002. The case was docketed in this Court on February 12, 2003, and submitted for decision on the briefs on April 7, 2003.

[2] Roseberry's conviction for the felony murder of Harry Hodges was affirmed in *Roseberry v. State*, 274 Ga. 301 (553 SE2d 589) (2001).

tions, Manuel and his accomplice left the immediate scene on foot — until they reached alternate means of transportation — and went to Manuel's house. The fact that the crimes are not similar in every detail (that, e.g., the victims of the prior crime were robbed, but not murdered) is of no consequence. *Smith v. State*, supra.

3. The victims of the prior crime made statements to the police at the scene, and within minutes, of the robbery. These statements were admissible as part of the res gestae. OCGA § 24-3-3; *Tucker v. State*, 243 Ga. 683, 684 (3) (256 SE2d 365) (1979); *Gaines v. State*, 232 Ga. 727 (208 SE2d 798) (1974). It was not error for the trial court to admit them. See generally *Livingston v. State*, 268 Ga. 205, 210 (486 SE2d 845) (1997) (out-of-court statements falling within a firmly-rooted hearsay exception satisfy the constitutional requirement of reliability and do not violate confrontation clause).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 2003.

*H. Edward Marks, Jr.*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Alan A. Cook, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.